CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Immigration Center for Women and Children; Lupe A.; Camila B.; Paulo C.; Kenia J. Merlos; Luna E.; Carmen F.; Yesenia Ruano; Daniel H.; Coalition for Humane Immigrant Rights; La Raza Centro Legal, California Collaborative for Immigrant Justice;<br><br>            Plaintiffs,<br><br>  v.<br><br>Kristi Noem, Secretary of Homeland Security, in her official capacity; U.S. Immigration and Customs Enforcement, United States Citizenship and Immigration Services,<br>            Defendants. | Case No.:<br><br>**NOTICE OF RELATED CASES** |

i

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
rosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 Ardmore Ave.
Los Angeles, CA 90005
Telephone: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel 213-353-1333


* *Pro hac vice application forthcoming*

Pursuant to L.R. 83-1.3.1, Plaintiffs hereby submit this Notice of Related Cases to identify three cases filed in this District that have called for determinations of the same or substantially related questions of law or fact.

## I. SUMMARY OF RELEVANT FACTS AND CLAIMS IN THE INSTANT CASE

This is a putative class action on behalf of noncitizen survivors of domestic violence, human trafficking, and other serious crime, who are in or pursuing lawful immigration status, as well as four organizations that represent such survivors, challenging unlawful immigration policies of the U.S. Department of Homeland Security ("DHS") and its component agencies U.S. Immigration and Customs Enforcement ("ICE") and U.S. Citizenship and Immigration Services ("USCIS") that unlawfully subject them to detention and removal.

To encourage noncitizen crime victims to report crime and secure freedom from their abusers, Congress created eligibility for three critical immigration benefits: (1) relief under the Violence against Women Act ("VAWA"), for victims of domestic abuse; (2) the "U visa," for victims of crimes who were helpful in investigating or prosecuting those crimes; and (3) the "T visa," for victims of sex or labor trafficking. Complaint ¶ 6. Congress also authorized various protections against removal while applicants go through the lengthy adjudication process with USCIS. Two critical such protections are (1) deferred action – formal authorization to remain lawfully in the United States for a set period of time – and (2) eligibility for stays of removal for U or T visa petitioners who are prima facie eligible for relief. *Id.* ¶¶ 3, 43.

For three decades, ICE and USCIS policy aligned with Congress's intent to protect this vulnerable population, including through written policies requiring ICE to generally refrain from detaining or deporting applicants for VAWA, U visa, or T visa relief, absent serious adverse factors. *Id.* ¶¶ 70-81. However, in January 2025, ICE issued a policy directive that rescinded prior policies and reversed decades of practice, authorizing "total" enforcement of immigration laws against "all"

nominally removable noncitizens, regardless of whether they have deferred action status or pending VAWA, U visa, or T visa petitions. *Id.* ¶¶ 82-88. As a result of this 2025 Guidance, ICE now regularly detains and deports such applicants, even those in lawful deferred action status, and without assessing their prima facie eligibility for U or T visas as required by 8 U.S.C. § 1227(d)(1). *Id.* ¶¶ 86-88.

Through this action, Plaintiffs request that the Court:

(1) Postpone and then set aside the 2025 Guidance as arbitrary, capricious, and not in accordance with law, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 705, 706(2), Complaint ¶¶ 180-199 (Claims 1-2);

(2) Enjoin ICE from unilaterally revoking deferred action without due process and issue a ruling that it is unlawful for ICE to detain people with deferred action status without a pre-detention hearing to prove such detention is justified, *id.* ¶¶ 200-237 (Claims 3-7); and

(3) Enjoin ICE from making decisions on requests for stays of removal from U or T visa petitioners without first determining whether they are prima facie eligible for relief, *id.* ¶¶ 238-247 (Claims 8-9).

## II. RELATED CIVIL CASES

Plaintiffs are aware of the following three cases filed in this district that raise substantially related questions of law and fact.

A. *Rodriguez-Flores v. F. Semaia et al.*, No. CV 25-6900 JGB (JCX), 2025 WL 2684181 (C.D. Cal. 2025).

*Rodriguez-Flores* involved a habeas petition in which ICE re-detained a U-visa petitioner with a stay of removal, who had been previously released from immigration custody. *Rodriguez-Flores*, 2025 WL 2684181. The petitioner argued that due process required a pre-detention hearing before ICE could re-detain him. The Court evaluated the petitioner's procedural due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976) and agreed, holding that "petitioner is entitled to a pre-detention hearing where the government bears the burden of proving, by

clear and convincing evidence, that he is a danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms." *Rodriguez-Flores*, 2025 WL 2684181.

In the instant case, Plaintiffs seek similar relief requiring a pre-detention hearing for individuals in deferred action status. Complaint ¶¶ 221-231 (Claim Six). Specifically, Plaintiffs request to certify a Deferred Action Class, consisting of people with deferred action related to their pending U or T visas who DHS detains or seeks to detain. Thus, like the petitioner in *Rodriguez-Flores*, the putative Deferred Action Class also consists of U visa petitioners in immigration custody. Further, just as Mr. Rodriguez-Flores's stay of removal prevented ICE from executing his removal order, the deferred action status of class members here prevents ICE from executing any removal order in their cases. And the Deferred Action Class raises the same due process issues as the petitioner in *Rodriguez-Flores*, because like someone previously released from DHS custody, individuals in deferred action status have been vetted, had their backgrounds checked, and been deemed suitable by DHS to live free in the United States. Thus, the legal and factual questions are substantially similar.

  B. *Immigrant Defs. L. Ctr. v. Noem*, Case No. CV 20-9893 JGB (SHKx), 781 F. Supp. 3d 1011 (C.D. Cal. 2025) ("*ImmDef*").

In *ImmDef*, as in the instant case, the plaintiffs include several classes of noncitizens and organizations who represent them in a challenge under the APA and Constitution to DHS policies that reversed and rescinded prior policies. *ImmDef,* 781 F. Supp. 3d at 1030. As in the instant case, the *ImmDef* plaintiffs sought to postpone a DHS policy under 5 U.S.C. § 705 and to set it aside under 5 U.S.C. § 706(2). To resolve these issues, the *ImmDef* court has addressed several complex questions of law and fact that will arise in the instant case, including: whether 8 U.S.C. §§ 1252(a)(5), (b)(9) or (f)(1) bar relief challenging immigration enforcement policies, *id.* at 1040-42 & 1043-44; whether postponement under

1   APA § 705 applies to policies that are already in force, *id.* at 1042-43; the impact
2   of recent Supreme Court precedent regarding organizational standing on plaintiff
3   organizations' standing to challenge immigration policies, *id.* at 1034-38; and
4   whether several interconnected putative classes of noncitizens satisfy the
5   requirements of Fed. R. Civ. P. 23, *id.* at 1028. The *ImmDef* court will also
6   determine whether to "[a]llow each of the Individual Plaintiffs and class members
7   to return to the United States," *id.* at 1031, which several unlawfully removed
8   individual Plaintiffs in this case also seek, *see* Complaint ¶¶ 15, 20-21.

The issues presented in *ImmDef* are not commonly addressed in standard civil litigation, and they involve unique, complex, and rapidly evolving bodies of immigration and administrative law. The same legal questions are virtually certain arise in the instant case. Thus, although *ImmDef* involves DHS's implementation of a different provision of the INA, the questions of law necessary to address the plaintiffs' claims in both cases are substantially similar and complex.

C.  *Sanchez Jimenez v. Dep't of Homeland Sec.*, No. 22CV00967SSSJPRX, 2022 WL 19410308 (C.D. Cal. 2022).

In *Sanchez Jimenez*, the court addressed the precise legal issue that the putative Stay of Removal class presents in the instant case: whether, when adjudicating a stay request from a U or T visa petitioner, 8 U.S.C. § 1227(d)(1) requires DHS to *first* determine whether the applicant establishes prima facie eligibility for the visa. Complaint ¶¶ 236-245 (Claims 8-9).

Like several Plaintiffs in the instant case, Complaint ¶¶ 15, 20-21, the plaintiffs in *Sanchez Jimenez* were U-Visa applicants who each requested a stay of their removal after they "were taken into custody by ICE," but ICE, citing the applicable "ICE Directive" at the time, "did not request a prima facie determination on the Plaintiffs' pending U-Visa applications." *Sanchez-Jimenez*, 2022 WL 19410308, at *1. Like the removed Plaintiffs in the instance case, "ICE subsequently removed the Plaintiffs from the United States." *Id.* Interpreting §

1227(d)(1), the court in *Sanchez-Jimenez* held "it is clear that the Statute establishes the prima facie determination as a pre-condition to the Secretary granting or denying an administrative stay of removal." *Id.* at *3. Thus, the court held that the plaintiffs "are able to establish mandamus relief" because ICE "had a ministerial duty to make a prima facie determination on Plaintiffs' U-Visa application *before* exercising its discretion to remove the Plaintiffs." *Id.* at *4 (emphasis in original).

The instant case calls for resolution of precisely the same claim. The Stay of Removal Class seeks an order requiring ICE to conduct prima facie determinations *before* ICE determines whether to stay U or T visa petitioners' removal, as required by 8 U.S.C § 1227(d)(1). Complaint ¶¶ 236-245 (Claims 8-9). Like the plaintiffs in *Sanchez-Jimenez*, ICE has relied on a written policy directive asserting that "ICE will no longer routinely request expedited adjudications from USCIS" to deny stays of removal without obtaining prima facie determinations. *Id.* ¶¶ 81(4), 88. And, like the plaintiffs in *Sanchez-Jimenez*, several Plaintiffs here "are contesting their unlawful removal," *Sanchez-Jimenez* at *4, and seek an order permitting their return to the United States. Complaint, Request for Relief No. 10. Thus, the two cases raise substantially similar issues.

Dated: October 14, 2025                              Respectfully submitted,

*/s/ Bardis Vakili*
Bardis Vakili

*Attorneys for Plaintiffs*

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili
Sarah E. Kahn
Erika Cervantes

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum
Jordan Weiner

PUBLIC COUNSEL
Rebecca Brown
Kathleen Rivas

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist
Adam Reese