UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ICWC, et al.,

Plaintiffs,

v.

Kristi Noem, et al.

Defendants.

Case No. 2:25-cv-09848-AB-AS

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED UNDER PSEUDONYM, FOR A LIMITED INTERIM PROTECTIVE ORDER, AND TO FILE DOCUMENTS UNDER SEAL [Dkt. No. 19]**

Plaintiffs filed an Application to Proceed under Pseudonym, for a Limited Interim Protective Order, and File Documents Under Seal. See Dkt. No. 19.

Specifically, Plaintiffs seek leave from the Court to file under seal the following portions of Exhibits 1-11 of their Application:

| Exhibit No. | Information Plaintiffs Seek to Redact in Public Filing |
|---|---|
| Ex. 1, List of Plaintiff information | True names of Plaintiffs; countries of origin Plaintiffs; A-numbers of Plaintiffs |
| Ex. 2, Declaration of Lupe A. | True name of Plaintiff |
| Ex. 3, Declaration of | True name of Plaintiff |

| | |
|---|---|
| Camila B. | |
| Ex. 4, Declaration of Paulo C. | True name of Plaintiff |
| Ex. 5, Declaration of Luna E. | True name of Plaintiff |
| Ex. 6, Declaration of Carmen F. | True name of Plaintiff; country of origin; state of previous residence; certain other identifying details of her story |
| Ex. 7, Declaration of Yessenia Ruano | Details of Plaintiffs' trafficking experience |
| Ex. 8, Declaration of Daniel H. | True name of Plaintiff |
| Ex. 9, Declaration of Paulo C.'s Daughter | Names of declarant, Plaintiff, and Plaintiffs' minor children |
| Ex. 10, Immigration Documents of Individual Plaintiffs | Personally identifying information and true names of Plaintiffs seeking to proceed under pseudonym;<br><br>Personal contact information, A-numbers and receipt numbers for all Individual Plaintiffs;<br><br>For Carmen F. name of immigration lawyer, country of origin, state of previous residence, certain identifying information including specific medical history; the names and personal information of government employees |
| Ex. 11, Notice of Pendency of Other Actions | Names, case numbers, and A-numbers in other actions or proceedings involving the Plaintiffs seeking to proceed under pseudonym |

Plaintiffs' "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000). "[A]nonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature" and "identification creates a risk of retaliatory physical or mental harm." *Id.* Information related to U and T visa applications is highly sensitive. *See* 8 U.S.C. § 1367(a), (b)(3); *Doe v. U.S. Dep't of Homeland Sec.*, No. CV 23-10563-MRA(BFM), 2024 WL 5680828, at *3 (C.D. Cal. Mar. 20, 2024). Further, Plaintiffs reasonably fear retaliation. *Doe v. Amazon.com, Inc.*, No. C11-1709MJP, 2011 WL 13073281, at *3 (W.D. Wash. Dec. 23, 2011) ("physical harm presents the paradigmatic case for allowing anonymity ..." ).

For the same reasons, the Court finds the factual and legal justifications establish "good cause" and "compelling reasons" for the redactions Plaintiffs seek leave to implement. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Further, Plaintiffs' "proposed redactions are narrowly drawn, and will not obscure more than is necessary to protect the [plaintiffs'] privacy and confidentiality." *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017). Because Plaintiffs do not seek to seal the exhibits in their entirety and only redact the minimum necessary to protect their anonymity, the request is narrowly tailored. *Doe v. Andrews*, No. 1:25-CV-00755-CDB, 2025 WL 2581551, at *3 (E.D. Cal. Aug. 18, 2025).

Anonymity will not prejudice Defendants, because they will have access to the sealed identities of Plaintiffs once an agreement or Protective Order exists preventing them from sharing Plaintiffs' identities publicly. The public interest is served by granting Plaintiffs' Application because redacting Plaintiffs' names will not "obstruct public scrutiny of the important issues in this case," *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010), and "lawsuits that enforce constitutional and statutory rights benefit the public." *Al Otro Lado, Inc.*, 2017 WL

6541446, at *7 (S.D. Cal. 2017).

Finally, Plaintiff Ruano warrants a limited Protective Order protecting the details of her trafficking.

Having considered the papers submitted by Plaintiffs and having reviewed the material that they seek to seal, the Court **GRANTS** Plaintiffs' request to proceed by pseudonym; **GRANTS** Plaintiffs' request to redact portions of the Exhibits attached to their Application to Seal; and **ORDERS** Defendants not to publicly disclose the names of Plaintiffs proceeding by pseudonym or the personally identifying information of Plaintiffs in this case that has been redacted from public record; not to identify Plaintiffs as participants in this litigation to individuals unnecessary to Defendants' participation in this litigation; and not to publicly disclose the details of Ms. Ruano's trafficking. Plaintiffs are granted leave to file under seal the unredacted version Exhibits 1-11 to Plaintiffs' Application to Proceed under Pseudonym, for a Limited Interim Protective Order, and to File Documents under Seal. In light of the Court's Protective Order, Plaintiffs are **ORDERED** to serve Defendants with the unredacted exhibits.

**IT IS SO ORDERED.**

Dated: October 30, 2025

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE