CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Kristi Noem, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**DECLARATION OF BARDIS VAKILI IN SUPPORT OF PLAINTIFFS' MOTION FOR APA § 705 RELIEF AND INDIVIDUAL AND CLASSWIDE PRELIMINARY INJUNCTION**

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted pro hac vice*

I, Bardis Vakili, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.

2. I am the Legal Director at the Center for Human Rights & Constitutional Law and one of the counsel for Plaintiffs in this matter.

3. On October 15, 2025, I emailed Assistant United States Attorney Daniel Beck to inform him of the filing of the Complaint in this case and to inform him of our plan to seek preliminary relief on behalf of Plaintiffs. After the meet and confer process, given the uncertain dynamics with the lapse in government funding, we determined not to seek a temporary restraining order, but I informed Mr. Beck on October 27, 2025 of our intention to pursue a preliminary injunction.

4. In our communication, Mr. Beck has expressed that, at least in part due to the lapse in government funding, no counsel from the Department of Justice had yet been assigned to this case. Mr. Beck stated that he does not represent Defendants in this case and anticipates that an attorney from the Department of Justice in Washington D.C. will be assigned, and that he is therefore unable to discuss any definitive positions for Defendants regarding the issues in the case.

5. In email correspondence on October 30, 2025, after emailing him courtesy copies of the motions Plaintiffs had just filed, I suggested to Mr. Beck that his office might take steps to get this case assigned to an appropriate Department of Justice attorney. I also notified him that, notwithstanding the lapse in government funding, because Defendants continued to fund the detention and removal of Plaintiffs and putative class members, Plaintiffs will proceed diligently with this case including with the anticipated motions we had already identified.

6. On November 10, 2025, with no government attorney yet having entered an appearance, I emailed Mr. Beck and asked if he or another Department of Justice attorney could meet and confer regarding Plaintiffs' forthcoming motion for preliminary injunction. Mr. Beck promptly responded that he would attempt to

identify an appropriate contact. To date, no counsel for Defendants have made themselves available to meet and confer.

7. The urgency of this matter continues to grow, as Defendants' enforcement under the challenged policies continues to impact Plaintiffs. In the last week alone, I received word that Plaintiff Immigration Center for Women and Children ("ICWC") had yet another U visa client in valid deferred action status detained in ICE's Adelanto detention facility and is facing imminent removal. ICWC attorneys have had to devote significant effort to prevent this unlawful removal, and it remains to be seen if they will be successful.

8. Additionally, yesterday Paulo C.'s immigration lawyer notified me that ICE had just transferred him to another ICE facility in Texas, where immigration proceedings are governed by a different immigration court and the facility is within a different judicial district. His immigration attorney is concerned that, because of this transfer, his immigration proceedings will also be transferred to the new immigration court, further delaying his proceedings and prolonging his detention.

9. Plaintiffs Lupe A., Carmen F., and Yessenia Ruano continue to face irreparable harm through their unlawful expulsions, having been separated from their homes and families. I understand that Carmen F. and her son remain forced to live in fear with her abuser.

10. I will continue to endeavor to meet and confer with counsel for Defendants when one makes an appearance. However, Plaintiffs' need for immediate relief is sufficiently urgent that it is not an option to further defer seeking preliminary relief from the Court.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing statements are true and correct.

Executed this 14th day of November, 2025, in San Diego, California

Respectfully submitted,

*/s/ Bardis Vakili*

Bardis Vakili