**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, et. al, <br> Defendants. | Case No.: 2:25-cv-09848-AB-AS <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR APA § 705 RELIEF AND INDIVIDUAL AND CLASSWIDE PRELIMINARY INJUNCTION** |

Before the Court is Plaintiffs' Motion for APA § 705 Relief and Individual and Classwide Preliminary Injunction.

The Court, having read and considered the parties' briefs and arguments regarding the motion, hereby GRANTS the motion for the reasons set forth below.

## I. **2025 Guidance**

Plaintiffs are likely to succeed on their First Claim that ICE Policy Statement 11005.4, *Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits* (Jan. 30, 2025) ("2025 Guidance") is arbitrary and capricious, because it fails to give a sufficiently reasoned explanation for such a drastic shift from prior policy, fails to

1

account for the reliance interests of petitioners for immigration relief under the Violence against Women Act ("VAWA"), for U visas, and for T visas ("Survivor-based Benefits"), and fails to consider important aspects of the problem. 5 U.S.C § 706(2)(A); *see Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 36 (2020).

Plaintiffs are also likely to succeed on their Second Claim that the 2025 Guidance is contrary to law because it does not presumptively protect noncitizens with pending petitions for Survivor-based Benefits from detention and removal, absent serious adverse factors. Congress sought to protect individuals with valid petitions for Survivor-based Benefits from unnecessary removal. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464, Battered Immigrant Women and Protection Act of 2000 ("BIWPA") §§ 1502(a)(1)-(2), 1513(a)(2)(A); *Id.*, Trafficking Victims Protection Act of 2000 ("TVPA") § 107(e).

Individual Plaintiffs Lupe A., Camila B., Paulo C., Kenia J. Merlos, Luna E., Carmen F., Yessenia Ruano, and Daniel H. (collectively, "Individual Plaintiffs") are suffering irreparable harm due to the 2025 Guidance, as each has been subjected to immigration enforcement that they would not have otherwise endured under the policies rescinded by the 2025 Guidance.

Organizational Plaintiffs Immigration Center for Women and Children ("ICWC"), Coalition for Humane Immigrant Rights ("CHIRLA"), La Raza Centro Legal ("LRCL"), and California Collaborative for Immigrant Justice ("CCIJ") (collectively, "Organizational Plaintiffs") are suffering irreparable harm caused by the 2025 Guidance. The 2025 Guidance impacts their core activities by, *inter alia*, placing their clients and members at unnecessary risk of detention and removal requiring significant organizational resources to address, and by chilling potentially new clients and members from pursuing VAWA, U visa, and T visa relief.

The status quo ante is prior to the implementation of the 2025 Guidance,

2

including its rescission of prior policies.

## II. <u>De Facto Revocation Policy</u>

"Approval of deferred action status means that… no action will thereafter be taken to proceed against an apparently deportable [non-citizen], even on grounds normally regarded as aggravated." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999). Recipients of deferred action are authorized to remain in the United States.

Defendants have a policy under which ICE takes the position it need not comply with grants of deferred action issued by USCIS to individuals based on their pending U or T visa petitions. This constitutes a De Facto Revocation Policy because, by detaining and removing individuals granted such deferred action without prior notice or a hearing, ICE's actions have the effect of unilaterally revoking such deferred action without notice or an opportunity to be heard.

Plaintiffs are likely to prevail on their Fifth Claim that ICE's practice of unilaterally revoking deferred action granted by USCIS based on a pending U or T visa, without providing notice and opportunity to be heard, violates due process. *Inland Empire—Immigrant Youth Collective v. Nielsen*, Case No. EDCV 17-2048, 2018 WL 4998230, at *19 (C.D. Cal. Apr. 19, 2018) ("*Inland Empire III*")

Plaintiffs are also likely to prevail on their Sixth Claim that ICE's detention of individuals with such deferred action that has not been formally revoked through constitutionally adequate process also violates due process unless Defendants justify, at a pre-detention hearing, that the terms of deferred action have been violated and that the individual to be detained is sufficiently dangerous and a flight risk that detention is necessary. *See*, *e.g.*, *Sepulveda Ayala v. Bondi*, No. 2:25-CV-01063-JNW-TLF, 2025 WL 2084400, at *7-8 (W.D. Wash. July 24, 2025).

Plaintiffs are also likely to succeed on their Third Claim that the De Facto Revocation Policy is arbitrary and capricious, because it has "no connection to the goals of the deportation process or the rational operation of the immigration laws"

and leaves "the outcome" of whether individuals keep their deferred action status to be controlled solely by the "immigration official's charging decision." *Judulang v. Holder*, 565 U.S. 42, 58 (2011).

Plaintiffs are likely to succeed on their Fourth Claim that the De Facto Revocation Policy violates the *Accardi* doctrine because it does not comport with Defendants' policies for revoking deferred action. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

Paulo C. is in lawful deferred action status based on his pending U visa petition. He remains in ICE custody and is suffering irreparable harm from his ongoing detention while in lawful deferred action status. The status quo ante for Paulo C. regarding his challenge to the De Facto Revocation Policy is prior to ICE seeking to take him into custody.

Lupe A. was in lawful deferred action status when Defendants unlawfully detained and removed her. She is suffering irreparable harm from her unlawful expulsion. The status quo ante for Lupe A. regarding the De Facto Revocation Policy is her presence in the United States free from DHS custody and in unrevoked deferred action status.

Organizational Plaintiffs are suffering irreparable harm caused by the De Facto Revocation Policy, as they have clients or members who have been detained or removed despite being in deferred action status. The status quo ante for the Organizational Plaintiffs regarding their challenge to this policy is prior to the implementation of the De Facto Revocation Policy.

**III.    Blind Removal Policy**

Defendants have a policy under which they take the position that they need not determine and favorably consider the prima facie eligibility of a petitioner for a U or T visa when such a petitioner requests a stay of removal order. Pursuant to this Blind Removal Policy, ICE routinely removes individuals without such consideration.

Plaintiffs are likely to prevail on their Eighth and Ninth Claims that the "Blind Removal Policy" violates § 237(d) of the Immigration and Nationality Act, 8 U.S.C. § 1227(d).

Defendants removed Carmen F. and Yessenia Ruano, who had pending petitions for a U and T visa, respectively, without conducting a prima facie determination. Both are suffering irreparable harm as a result of this unlawful removal. The status quo ante for both is their presence in the United States free from custody.

Organizational Plaintiffs are suffering irreparable harm because their clients or members have been deported or face deportation based on the Blind Removal Policy. The status quo ante for the Organizational Plaintiffs is prior to the implementation of this policy.

The balance of hardships and public interest strongly favor preliminary relief.

**IT IS THEREFORE ORDERED**, pending further order of this Court, that:

1.     Pursuant to 5 U.S.C. § 705, the Court hereby stays the 2025 Guidance, including its rescission of prior policies.

2.     Defendants are preliminarily ENJOINED from applying the 2025 Guidance or any policies substantially similar to it, which do not presumptively protect individuals with a pending, valid petition for VAWA, U visa, or T visa relief from civil immigration detention and deportation, against Individual Plaintiffs and the clients and members of Organizational Plaintiffs.

3.     Pursuant to 5 U.S.C. § 705, the Court hereby stays the De Facto Revocation Policy, under which ICE refuses to comply with grants of deferred action conferred by USCIS to individuals with pending petitions for U or T visas.

4.     Defendants are preliminarily enjoined from keeping Paulo C. in their custody unless, within seven days, they establish at a hearing before a neutral adjudicator that he is likely in violation of his deferred action status and that he is

sufficiently dangerous and a flight risk that his continued detention is necessary to mitigate such risks.

5.    Defendants are preliminarily enjoined from preventing the re-entry of Lupe A. to the United States in the same immigration status she had prior to her detention and removal.

6.    Defendants are preliminarily enjoined from revoking the deferred action status of Organizational Plaintiffs' clients and members who are in valid deferred action status without providing notice and an opportunity to be heard, and they are further enjoined from preventing the re-entry of Organizational Plaintiffs' clients and members who were removed while in deferred action status that was not formally revoked.

7.    Pursuant to 5 U.S.C. § 705, the Court hereby stays the Blind Removal Policy.

8.    Defendants are preliminarily enjoined from preventing the re-entry of Carmen F. and Yessenia Ruano to the United States in the same immigration status they had prior to their forced expulsion from the United States, and are further enjoined from removing Carmen F. and Yessenia Ruano without a prima facie determination regarding their eligibility regarding the visas for which they applied.

9.    Defendants are preliminarily enjoined from removing Organizational Plaintiffs' clients and members with pending petitions for U or T visas who request stays of removal, without first determining whether their petitions establish prima facie eligibility for the relevant visa.

Regarding the proposed classes, **IT IS FURTHER ORDERED** that:

10.    The Court [provisionally certifies] [by separate order, has certified] the following classes:

  a.    **Pending Petition Class**: All individuals with pending principal or derivative U visa petitions, T visa petitions, or VAWA self-

petitions who ICE detains or seeks to detain for civil immigration enforcement;

b. **Deferred Action Class**: All individuals to whom USCIS has granted deferred action based on a pending U or T visa petition and who, during the authorized period of deferred action, ICE detains, seeks to detain, or removed without providing notice and an opportunity to be heard regarding potential revocation of their deferred action status; and

c. **Stay of Removal Class**: All individuals with a pending U or T visa petition who, since January 30, 2025, have been, are, or will be detained by ICE and who request or requested a stay of a final removal order prior to enforcement of that removal order.

11. Defendants are hereby enjoined from applying the 2025 Guidelines to members of the Pending Petition Class, from applying the De Facto Revocation Policy to members of the Deferred Action Class, and from applying the Blind Removal Policy to members of the Stay of Removal Class.

**IT IS SO ORDERED.**

Dated: _____    _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE