CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Kristi Noem, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**DECLARATION OF STEPHEN ROIGER**

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# DECLARATION OF STEPHEN ROIGER

I, Stephen Roiger, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Stephen Roiger, and I am an attorney at Goss Law, which is located at 333 Washington Ave N, #208, Minneapolis, MN 55401. I have been working at Goss Law for over 11 years.
3. Goss Law primarily handles immigration law cases, including removal defense, survivor benefits cases (VAWA, SIJ and U visas), and family-based petitions and applications.
4. Goss Law represents dozens of U visa petitioners, and several SIJS and VAWA self-petitioners.
5. Our office has represented immigrant survivors seeking survivor-based protections since it was founded.
6. These types of survivor cases are critical to the lives of our clients. Prior to the introduction and mainstreaming of the U visa process, many of our clients shied away from calling the police. I have personally heard from dozens of clients and potential clients who the victims of serious criminal activity who refused to report the crimes out of fear. Thanks to the U visa program, and outreach from the local police forces, that hesitancy has largely been removed and more crimes targeting immigrant communities are being reported.
7. In 2024 and before, ICE's victim-centered policy protected our clients who were survivors of abuse, trafficking, and crime. Many of our clients felt secure enough to report the harm they experienced or were able to leave their abuser because of immigrant survivor protections like the U visa, T visa, and VAWA.
8. Since February 2025, some of our clients with pending U, T, or VAWA petitions have had closed cases reopened. In 2024 and before, our clients with pending U, T, or VAWA petitions who were not in proceedings and applied for U, T, or VAWA relief, or who had their proceedings administratively closed or stayed based on their U, T, or VAWA petitions pending adjudication, did not have to be concerned about having their case reopened before their petition could be reviewed by USCIS. Absent exceptional circumstances, we were not forced to represent our clients in complex removal proceedings unless and until their petition had been denied.

9. Since February 2025, many of our clients with pending U, T, or VAWA petitions have been required to attend additional or more frequent ICE check ins and have been placed under increased monitoring or supervision conditions. In 2024 and before, clients with pending survivor-based petitions attended infrequent, routine ICE check ins without incident; now I would be worried about sending someone there without counsel.

10. Since February 2025, our clients with pending U, T, or VAWA petitions are more fearful of detention and deportation, and have begun to avoid simple things like picking up their own children from school.

11. Since February 2025, we have seen a drop in the number of people who request our assistance to apply for a survivor-based benefit.

12. Since February 2025, our clients express more fear of police and in some cases, some clients have chosen not to report harm or not to pursue a restraining order out of fear of arrest, detention, deportation, or because they are more vulnerable to retaliation by the perpetrator without protection from deportation. Discouraging crime victims from reporting these things cannot possibly be good for public safety.

13. Our office represents a client in their VAWA petition for a U/T visa, which was filed on November 25, 2024. The U visa was based on a robbery and beating at gunpoint during a carjacking – exactly the type of case contemplated when the U visa was created. The client in question is a derivative on his wife's U visa case, which also includes their (now) ten-year-old son.

14. The family had originally been encountered at the border in June 2021, and were placed in removal proceedings. They filed a pro se I-589 in 2023 prior to retaining counsel.

15. On December 30, 2024, our office was able to administratively close the removal proceedings for all three of them. Notably, the court cited the Pending U-visa as the reason for administrative closure.

16. On June 3, 2025, ICE filed a motion to reopen against only the derivative husband. The government's motion noted the December 20, 2024 closure of the case, but simply stated that he had not obtained "any new lawful permanent status".

17. My office filed a strenuous opposition, noting repeatedly that the case involved a U visa applicant. Despite this, the IJ ordered that the case be reopened on June 26, 2025.

18. Shortly after reopening the case, on August 20, 2025, the court issued an Order contemplating pretermission of the case. My office filed a response on September 29, 2025, presenting additional evidence for the I-589, but also reiterating his status as a U visa derivative applicant.

19. The IJ ordered pretermission and removal on November 6, 2025. We have now filed an appeal of that decision to the BIA. Notably, the IJ's decision completely ignored the pending U visa application that had formed the basis of the earlier administrative closure of the case.

20. Before 2025, I never had a client ordered removed while having an active U visa case. I had also never had a client have their case pretermitted with an active U visa application.

21. Based on my experience representing people with these types of cases, in 2024, my client would not have had their case reopened. At the very least, even it if was reopened it would have been placed on a status docket pending a decision from USCIS.

22. This new policy has no rational basis. It makes our communities less safe by discouraging people from seeking help from law enforcement, and by removing victims who would be able to testify against their attackers. It harms survivors by taking away their support systems – either directly by deporting the primary applicants, or like here where the government has ordered the victim's spouse removed from the country. These are people with no criminal record of their own, so there is no argument for public safety on those grounds either. It is cruelty for the sake of cruelty, and at the expense of making us less safe.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date 11/24/25

Stephen Roiger