CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br>v.<br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF MARGUERITE ÉVELYNE MARTY** |

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

**DECLARATION OF ATTORNEY MARGUERITE ÉVELYNE MARTY, ESQ,**

I, Marguerite É. Marty, Esq. declare and state as follows:

1. My name is Marguerite Évelyne Marty, and I submit this declaration in support of Immigration Center for Women and Children vs. Noem, Case No 2:25-cv-009848.

2. I am an Immigration Attorney at the Law Office of Marguerite Marty, PLLC, located at 108 W.39th Street, Ste 300, New York, NY 10018. I am licensed in the state of New York.

3. Over one-third of my practice is dedicated to representing survivors of crimes including domestic violence, sexual assault, and child abuse in applications for U Nonimmigrant Status and VAWA self-petitions. I also represent unaccompanied children in their applications for relief.

**Summary of Detained Client with Pending Application for U Nonimmigrant Status**

4. My office represents Mr. SNM in his I-918a petition for U2 Nonimmigrant Status filed on March 31, 2025. Mr. SNM is the dependent applicant on his spouse's I-918 petition for U1 Nonimmigrant Status. Their minor US citizen daughter was a victim of a sex crime, and her parents cooperated with the investigation and prosecution of the crime.

5. Mr. SNM has been under an I-220B Order of Supervised Release by the US Department of Homeland Security since April 12, 2019. Pursuant to this Order, Mr. SNM was required to report to his local ICE ERO office every six months to one year.

6. Mr. SNM never failed to appear at his reporting dates. He also has no criminal record, has been married for 19 years, and is the father of three children, the youngest of whom is 14 years old and is a US citizen.

7. At his check-in appointment at the Newark, NJ ICE ERO Field Office on April 22, 2025, Mr. SNM appeared with undersigned counsel who provided the ICE officers with proof of his filing for U nonimmigrant status.

8. Then, at his latest check-in appointment at the ICE ERO Newark, NJ field office on October 21, 2025, Mr. SNM was taken into custody by the ICE officers and transferred to Delaney Hall in Newark, NJ. The ICE Officers did not make any allegation of flight risk or danger to the public. The officers provided no explanation for the arrest other than stating that under current policy, ICE is detaining all individuals with prior orders of removal, regardless of whether they have a pending application for a victim-based immigration benefit, such as U status. In my experience, before February 2025, ICE refrained from detaining clients on supervision with pending U visa petitions who attended their check ins.

9. During his detention, his daughter, who is still dealing with the trauma from her assault, has suffered from stress and anxiety and misses her father. She has been crying daily and is unable to sleep at night. The family is also struggling financially due to the loss of Mr. SNM's income.

10. On October 23, 2025, Undersigned Counsel filed an I-246 Application for a Stay of Deportation or Removal with the ICE ERO Field Office in Newark, NJ, based on his pending request for U nonimmigrant status, which includes a request for deferred action. On November 23, 2025, Undersigned Counsel received a notification from ICE that the I-246 Application for a Stay was denied.

12. In my experience, before February 2025, ICE routinely granted stays of removal for clients with pending U visa applications. If a client was detained, ICE routinely requested expedited prima facie review from USCIS.

13. Based on my experience representing hundreds of U visa and VAWA self-petitioners (including dozens of applicants with ICE reporting requirements or with final orders of removal like Mr. SNM), I believe that before February 2025, Mr. SNM would have attended his ICE check-in without incident and ICE would have refrained from detaining or deporting him until and unless USCIS denied his bona fide determination. If ICE had allowed him to continue pursuing his U visa on an order of supervision, it would have protected both him and his survivor daughter, keeping his family and her support network together, encouraging him and others to report crimes, and permitting him to access the protections Congress intended.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Marguerite É. Marty, Esq.

Dated: 11/25/2025