CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br>v.<br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF ALYSSA REED** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# Declaration of Attorney Alyssa Reed

I, Alyssa Reed, declare as follows:

**Background**

1. My name is Alyssa Reed, and I submit this declaration in support of Immigration Center for Women and Children v. Noem, Case no. 2:25-cv-009848.
2. I am an attorney and owner of Reed Immigration, LLC in Denver, Colorado. I've been practicing immigration law for over 19 years and am the former Chair of the Colorado Chapter of the American Immigration Lawyers Association.
3. I represent immigrants in primarily family and humanitarian-based applications with a heavy emphasis on U Nonimmigrant Status and VAWA self-petitions.

**Summary of Client with Pending U Nonimmigrant Status and Deferred Action who was Removed from the United States**

4. I represent RAM, a native and citizen of Mexico. He had previously been removed from the United States in 2005, but had returned in 2020. He has no criminal history aside from minor traffic violations.
5. RAM was the victim of an attempted murder in San Antonio, Texas in 2022. He was stabbed multiple times in the neck and arm and almost lost his life. He reported the crime and cooperated in the investigation. The perpetrator fled and there is a warrant for his arrest. RAM has been cooperating fully with both the police and prosecutors.
6. The San Antonio Police Department certified RAM as the victim of attempted murder who is being cooperative in the investigation, and therefore RAM was eligible to apply for U nonimmigrant status, which he did on May 15, 2023.
7. On April 2, 2025, USCIS determined that RAM's U visa petition is bona fide and issued him deferred action and employment authorization.
8. On November 15, 2025, RAM states he was buying food at a food truck late at night in San Antonio when he was suddenly detained by ICE agents. He states he provided the ICE agents his employment authorization card and social security card as evidence of his deferred action and pending U visa petition, but the agents said they did not care about those documents and doubted how it was even possible that he had them. The agents allowed him to make one phone call to his sister, but they hung up the phone on him after less than two minutes. They did not permit him to call me, his attorney.
9. RAM's sister notified me of his detention on Monday, November 17. That same day I sent an email to ICE in San Antonio including my G-28, evidence of his deferred action, and asking them to delay his removal. I did not receive any response. I also began preparing an application for a stay of removal, however we were not able to submit it as he was removed just hours later, early in the morning of November 18.

10. RAM states that he was shuffled around to several different detention centers before being removed to Mexico on November 18. Because of this, I was unable to locate him or contact him prior to his removal.
11. Now that he has been removed to Mexico, he will be unable to participate in any judicial process related to his victimization if and when his attacker is apprehended. He is also facing a roughly 20-year wait for a U visa, and will be unable to return to the U.S. in the meantime.
12. Before January 2025, in my experience, clients in RAM's position would not have been detained after showing ICE agents proof of their work authorization. In my experience, had RAM been detained before January 2025, ICE agents would have responded to my communication and released him. In my experience, ICE would have further granted him a stay of removal, allowing him time for his U visa to be finally adjudicated.
13. Before January 2025, I felt confident advising my clients with U BFD deferred action that they would be safe from detention or removal unless extenuating circumstances arose, such as a criminal arrest. I have represented approximately 1000 U, T, and VAWA petitioners over the past 19 years and have never had a client with RAM’s case posture (someone with no serious criminal history who possesses deferred action) detained or removed from U.S. before.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date: December 11, 2025

Signature