CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br>v.<br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF DEBORAH MAS CABRERA** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# DECLARATION OF DEBORAH MAS CABRERA

I, Deborah Mas Cabrera, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.

## Background

2. My name is Deborah Mas Cabrera, and I am Managing Attorney at the South Texas Pro Bono Asylum Representation Project (ProBAR), which is headquartered in Harlingen, Texas. ProBAR is a project of the American Bar Association (ABA).
3. I have been working at ProBAR for two and a half years. In total, I have worked as an immigration attorney for nine years representing clients before U.S. Citizenship and Immigration Services (USCIS) and the Executive Office for Immigration Review (EOIR), including survivors of crime, domestic violence and human trafficking.
4. I make this declaration based on personal knowledge and information made known to me in the course of my professional experience, and I make this declaration in my personal capacity and not on behalf of ProBAR or the ABA.
5. ProBAR was founded in 1989 as a pro bono project to provide access to counsel and due process to detained migrants and asylum seekers in the Rio Grande Valley region of South Texas. ProBAR opened a satellite office in Houston, Texas, in 2023. ProBAR provides legal information, pro se assistance, and representation to immigrants and asylum seekers who reside in the Rio Grande Valley community and to those detained at the Port Isabel Detention Center and the El Valle Detention Center. The satellite office in Houston provides legal assistance to children and families in the Houston area.

## ProBAR's Representation of Clients with U, T, or VAWA Petitions

6. ProBAR attorneys represent immigrant survivors seeking survivor-based protections for decades. ProBAR attorneys currently represent 37 clients with pending U, T or VAWA petitions across its Harlingen and Houston offices.
7. ProBAR U, T, and VAWA clients have been victimized, often repeatedly, in some of the worst ways imaginable.
8. Prior to the recent changes in policy, Immigration and Customs Enforcement's (ICE) victim-centered policy protected ProBAR's clients who were survivors of abuse, trafficking, and crime. ProBAR clients with pending survivor-based applications were not detained absent exceptional circumstances, and clients with deferred action status could feel safe to live, work, and travel peacefully in the community. ProBAR attorneys often advised clients who had experienced violence at home, at school or in the community that reporting to law enforcement officials would not result in adverse immigration consequences, and would protect them from detention and deportation as they rebuilt their lives. Many of ProBAR's clients felt secure enough to report the harm they experienced as immigrant survivors based on protections like the U visa, T visa, and VAWA.

9. Since February 2025, I have seen how ICE's changes in policy have negatively impacted immigrant survivors, including those who have been granted deferred action by USCIS. I am aware of at least two individuals with pending U visa petitions who have been detained despite having deferred action. These two cases are explained below with pseudonyms for the protection of their privacy.

**ProBAR Client "Maria"**

10. One ProBAR client, "Maria" was detained in November while attending a routing ICE check-in, despite her USCIS Bona Fide Determination and grant of Deferred Action.
11. Maria is a single mother with young children. One of her children was the victim of sexual assault committed by a family member. Maria helped her child report the abuse to the authorities and assisted the district attorney's office in prosecuting the crime committed against her child. Maria filed for U visa status as an indirect victim of the crime.
12. In 2025, USCIS issued Maria a Bona Fide Determination and grant of deferred action. USCIS also issued her employment authorization pursuant to the grant of deferred action. Maria has never received any notice of revocation of deferred action, and, to my knowledge, nothing has caused her to become ineligible for deferred action since it was granted.
13. Maria was originally ordered removed in 2020. She was later detained and placed in withholding only proceedings after receiving a positive reasonable fear finding due to harm she experienced in her country of origin. Her eligibility for a U visa allowed her to have her removal proceedings dismissed as an act of prosecutorial discretion. She was released from detention and placed on an Order of Supervision. She attended regular check-ins with ICE for years without issue and dutifully complied with the conditions of release.
14. In November 2025, Maria was detained at her scheduled ICE check-in. I attended this check-in with the client and was present as ICE officials took her into custody. Even though I alerted ICE officials of Maria's deferred action status and showed them copies of USCIS's decision to grant her a bona fide determination, the officer insisted the client did not have legal status and that a grant of deferred action from USCIS did not prohibit ICE from enforcing immigration laws. I also informed ICE officials that Maria is the primary caretaker of her U.S. citizen children. Despite my request for detailed reasoning that justified her detention or consideration of other alternatives to detention, ICE officials denied any alternatives that would have allowed the client to avoid being taken into custody. ICE officials did not provide further reasoning as to why this act of enforcement needed to happen at this time. Maria was taken into custody just a few days before Thanksgiving. Because of her re-detention, Maria faced the possibility of imminent detention, deportation and separation from her U.S. citizen children. Due to the stress of detention and separation from her children, Maria opted to take voluntary departure and return to her country of origin.

**ProBAR Client "Laura"**

15. In September 2025, ProBAR staff met "Laura," a single mother with minor children and a survivor of domestic violence, after she was detained in ICE custody at the El Valle Detention Facility. Laura did not have an attorney for her removal proceedings, and

ProBAR provided legal orientation and limited assistance while she was detained. ProBAR learned Laura had a U visa petition that had been pending with USCIS since 2017. In 2023, Laura was issued a Deferred Action letter by USCIS. ProBAR assisted her in drafting and submitting a Motion for Administrative Closure of her removal proceedings given her deferred action status and the likelihood that her petition for a U visa would soon be granted. Despite this, the Motion for Administrative Closure was denied, and Laura was ordered removed from the United States.

**Recent Changes to Treatment of U, T, and VAWA Petitioners**

16. Before 2025, none of ProBAR's clients with pending U, T, or VAWA petitions were deported without any review of their petition, and I could advise clients that applying for a U or T visa or submitting a VAWA self-petition would protect them. ProBAR had never had a client deported who was in valid deferred action status.
17. Before 2025, I had never seen any individual with a pending U, T, or VAWA application be detained or ordered removed absent exceptional circumstances.
18. Based on my experience representing U, T, and VAWA petitioners, in 2024, those clients with pending petitions that had Orders of Supervision would not have been taken into custody, nor would someone with a pending U, T, or VAWA petition be ordered removed.
19. Since February 2025, two of ProBAR's clients with pending U, T, or VAWA petitions have had closed cases re-calendared with the immigration court. Until recently, ProBAR clients with pending U, T, or VAWA petitions who were not in court proceedings and applied for U, T, or VAWA relief, or who had their proceedings administratively closed or stayed based on their U, T, or VAWA petitions pending adjudication, did not have to be concerned about having their case reopened before their petition could be reviewed by USCIS. Normally, absent exceptional circumstances, ProBAR did not have to represent survivor clients in removal proceedings unless and until their petition had been denied.
20. A number of ProBAR clients with pending U, T, or VAWA self-petitions remain in removal proceedings and are no longer able to request prosecutorial discretion in the form of dismissal or administrative closure while their petitions are pending. This places them at risk of detention and removal even though they have applied for protection from such removal through available legal means.
21. Notably, in May 2023, ProBAR identified and assisted around 43 survivors and family members of a terrible crime, in which a man drove his SUV into a bus stop where a large group of migrants were waiting. This incident killed eight individuals and injured several more. These survivors lacked legal status in the United States and are in removal proceedings, after being paroled into the United States, but their willingness to come forward with their eyewitness accounts helped the District Attorney's Office prosecute the horrific crime. Many of these survivors now have pending U visa petitions that should protect them but still face the possibility of deportation due to the recent change in policy. The existence of the U visa as an avenue for relief and the protections that were previously offered to survivors with pending petitions made them feel confident to come forward and assist law enforcement.
22. Since February 2025, ProBAR clients with pending U, T, or VAWA petitions are more fearful of detention and deportation because of increased immigration enforcement

activity in Houston and the Rio Grande Valley coupled with the increase of local law enforcement cooperation with immigration authorities.

23. Since February 2025, ProBAR clients have expressed significant fear of interacting with police or any other government official, even if they are not immigration officials. This fear makes them hesitant to come forward to report their victimization and pursue relief through U, T, or VAWA self-petitions. The change in policy is an abrupt departure from the longstanding Department of Homeland Security policy and approach towards survivors of crime, trafficking, and domestic violence. The change contributes to the atmosphere of anxiety and fear many immigrant survivors currently live in and makes it less likely that they will pursue the protections from deportation that are available to them. This change hinders the ability of legal service providers to represent these clients effectively, as ICE moves to detain and remove U/T/VAWA clients who have been granted deferred action and should not be detained or removed.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date 12/15/2025

Deborah Mas Cabrera