CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br>v.<br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF ANGELIQUE MONTANO** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# DECLARATION OF ANGELIQUE MONTANO

I, Angelique Montano, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Angelique Montano, and I am the Managing Attorney at the Law Office Angelique Montano, PLLC, which is located at 12600 N. Featherwood Drive, Houston, TX 77034. I have been working at our firm since 2018.
3. We are a small immigration law firm with clients from all parts of the world, with different cultural and educational backgrounds. We represent foreign nationals in a variety of immigration matters, including U visa petitions.
4. The Law Office of Angelique Montano PLLC represents approximately 30 U visa petitioners.
5. Our office has represented immigrant survivors seeking survivor-based protections for approximately 8 years.
6. U visa benefits are vital to our clients, as they not only open up pathways to U.S. residency for some who otherwise would not be eligible, but also because for many victims of crime, especially those without legal status, fear of deportation can prevent them from seeking help. The U visa offers them protection from being removed from the U.S. while they cooperate with authorities. Additionally, victims of crime often need medical, psychological, and social services to recover. U visa holders can access services that are critical for their healing and rebuilding of their lives. This includes therapy, shelter, legal assistance, and support groups. Lastly, in some cases, U visa holders can also petition to have certain family members (spouses, children, and in some cases, parents) join them in the U.S. This ensures that families can stay together while they recover and rebuild their lives.
7. Prior to 2025, ICE's victim-centered policies protected our clients who were survivors of abuse, trafficking, and crime. Many of our clients felt secure enough to report the harm they experienced or were able to leave their abuser because of immigrant survivor protections like the U visa, T visa, and VAWA.
8. Since February 2025, two of our clients with pending U visa petition have been detained, including one who was in valid deferred action status. In 2024 and before, none of our clients with pending U visa petitions were detained absent exceptional circumstances, and we could advise our clients that applying for a U visa or submitting a VAWA self-petition would protect them. In 2024 and before, we had never had a client detained who was in valid deferred action status.
9. Since February 2025, one of our clients with pending U visa petitions has been deported – he arrived in Honduras on Tuesday, December 9, 2025. He had an outstanding removal order; however, his U visa petition was filed with the USCIS on August 26, 2025. An ICE official in the detention center, prior to his recent removal, incorrectly stated that once our client received his Deferred Action EAD, which the officer said had already been approved according to the information he had, our client would be able to return to the United States. Therefore, in reliance of this statement, our client agreed to be removed without any challenge, as he understood that it would be just a matter of

months before he could return to the United States. In 2024 and before, none of our clients with pending U visa petitions were deported without any review of their petition, and we could advise our clients that applying for a U visa would protect them.

10. Since February 2025, our clients with pending U visa petitions are more fearful of detention and deportation.
11. Since February 2025, our clients express more fear of police and in some cases, clients have chosen not to report harm or not to pursue a restraining order out of fear of arrest, detention, deportation, or because they are more vulnerable to retaliation by the perpetrator without protection from deportation.

EXAMPLE OF ONE OF OUR CLIENTS:

12. Our office represents a client in his petition for a U visa, which was filed on 06/14/2022.
13. *Basis of visa petition & Client's Life:* Our client is a victim of a qualifying criminal activity, specifically aggravated robbery with a deadly weapon (felonious assault). See Texas Penal Code 29.03. On February 25, 2020, he was assaulted by two suspects with a gun at his restaurant in Houston, Texas. That day, while working at his restaurant in Houston, Texas, two young male individuals began insulting and damaging the property outside of the restaurant. One of the young individuals pointed a gun at our client, the restaurant owner. Our client's instinct was to wrestle the gun out of the individual's hand and he was able to get the gun from the young man. The staff at our client's restaurant saw the whole altercation and were able to contact the Houston Police Department (HPD). Our client provided the police officers a report about the assault and cooperated with them, including providing detailed descriptions of the two young male assailants. While our client continues to suffer emotionally and psychologically as a result of the aggravated assault, he nevertheless continues to be willing to give any information to the Houston Police Department or any other law enforcement agency to assist in any investigations. Our client is married to a Lawful Permanent Resident, and is the father of three U.S. citizen children, including one who served several years in the U.S. Marine Corps and who plans to re-enlist in January 2026. Our client is not only a business owner but contributes to the local community in a variety of ways, including active church membership.
14. On 02/13/2025, USCIS issued a BFD and grant of deferred action to our client. USCIS also issued our client employment authorization pursuant to his deferred action. Our client has never received any notice of revocation of deferred action and to our knowledge, nothing has caused him to no longer be eligible for deferred action since it was granted.
15. On 12/01/2025, while driving on a highway in south Texas, our client stopped at the US Customs & Border Protection (CBP) checkpoint and presented his valid work permit card (issued through the U visa BFD and Deferred Action). However, he was detained by CBP and transferred to an ICE detention center, where he remains at this time. He was shocked to be detained by ICE since he has Deferred Action and a BFD work permit and had assumed that such benefits would protect him from being detained and/or deported from the United States while he awaits the final adjudication of his U visa petition. He and his family, including his LPR wife and USC children, are devastated by this detention and the fact that he is detained in a facility hours away from his home in Houston have made this more difficult. His detention and uncertain future also affect

his restaurant and all that depend on that business for its livelihood, as well as its customers.

16. Since he is detained hours from Houston and our office is not able to represent him in detention or any removal proceedings, he obtained local legal counsel to represent him on these matters. However, we understand that ICE has been alerted to the fact that he has a pending U visa petition, with a BFD and Deferred Action and EAD card.
17. Before 2025, I never had a client arrested/ detained/ removed while in U visa Deferred Action status and ICE routinely agreed to administratively close cases for clients with deferred action/ pending U visa or VAWA petitions.
18. Based on my experience representing U/T/V petitioners, under prior policies before 2025, our client would not have been arrested or he would have been promptly released once ICE was notified of their petition/ deferred action status.
19. Thus, the change in policy appears to be a sharp departure from the victim/survivor protections afforded to such clients in the past. These individuals have already suffered at the hands of violent criminals in the United States and these individuals have been courageous enough to come forward to report such crimes to law enforcement.
20. Yet, now our U visa clients have no guarantee, much less reliance, that the U.S. government will protect them as understood based on the purpose of the U visa petition - a) To strengthen law enforcement's ability to detect, investigate, and prosecute serious crimes, such as domestic violence, sexual assault, and human trafficking; b) To encourage victims to report crimes committed against them and participate in the investigation and prosecution of those crimes, even if victims lack lawful immigration status; and c) To offer protections to victims of qualifying crimes in keeping with the humanitarian interests of the United States. *See* U Visa Law Enforcement Resource Guide 2019, published by the U.S. Department of Homeland Security.
21. Thus, this policy change has not only impacted my clients but has also affected how I represent and counsel clients as to what sort of protections (or risks) result from filing U visa petitions.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date 12-16-25

Angelique Montano