CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Kristi Noem, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**DECLARATION OF JESUS E. SAUCEDO**

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# DECLARATION OF JESUS E. SAUCEDO

I, Jesus E. Saucedo, declare and state as follows:

**A. Background Information**

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Jesus E. Saucedo, and I am an associate attorney at the Jessica Dominguez Immigration Law Group, which is located at 3771 Cahuenga Blvd, Studio City, CA 91604. I have been working at the Jessica Dominguez Immigration Law Group for twelve years.
3. The Jessica Dominguez Immigration Law Group is a private law office that specializes in immigration and naturalization law.
4. The Jessica Dominguez Immigration Law Group represents approximately forty U visa petitioners and approximately twenty VAWA self-petitioners.
5. Our office has represented immigrant survivors seeking survivor- based protections for approximately twenty years.
6. U and VAWA applications are important to our clients because they protect the clients and increase the likelihood that they trust and work with the authorities.
7. Prior to 2025, ICE's victim-centered policies protected our clients who were survivors of abuse, trafficking, and crime. Because of immigrant survivor protections like the U visa and VAWA, many of our clients felt secure enough to report the harm they experienced or were able to leave their abuser.

**B. Recent Action by ICE**

8. Since February 2025, one of our clients with a pending VAWA petition has been detained. He had a Notice of Prima Facie Case, which indicates that his

VAWA petition established a prima facie case for eligibility. In 2024 and before, none of our clients with pending U, T, or VAWA petitions were detained absent exceptional circumstances, and we could advise our clients that applying for a U or T visa or submitting a VAWA self-petition would protect them. In 2024 and before, we never had a client detained who was in valid deferred action status.

9. Since February 2025, one of our clients with a pending VAWA petition has been deported. He had also had a Notice of Prima Facie Case. In 2024 and before, none of our clients with pending U, T, or VAWA petitions were deported without any review of their petition, and we could advise our clients that applying for a U or T visa or submitting a VAWA self-petition would protect them. In 2024 and before, we never had a client deported who was in valid deferred action status.

10. Since February 2025, we requested a stay of removal for one of our clients with a pending VAWA petition. ICE rejected the request for the VAWA applicant. In 2024 and before, ICE routinely granted U, T, and VAWA petitioners' stays of removal and requested expedited review by USCIS. In 2024 and before, we never had a client whose first request for a stay was denied, absent exceptional circumstances.

11. Since February 2025, one of our clients with a pending VAWA petition has been required to attend more frequent ICE check ins. In 2024 and before, clients with pending survivor-based petitions attended infrequent, routine ICE check ins without incident; now, we attend ICE check-ins with clients because we believe there is a high risk they will be detained.

12. Since February 2025, our clients with pending U and VAWA petitions are more fearful of detention and deportation. Since February 2025, we have seen a drop in the number of people who request our assistance to apply for a survivor-based benefit.

**C. Detained VAWA Client: VMA**

13. Our office represents a client in their VAWA petition, which was filed on September 18, 2023. The client's name is VMA.
14. *Life & basis of visa petition:* VMA's family depended on his income. He worked as a construction worker to support his wife and son. Since 2014, he would regularly attend his ICE appointments. VMA has an old conviction for disorderly conduct.
15. In 2023, VMA applied for VAWA based on the abuse he endured from his U.S. citizen son. His son was verbally and physically abusive to him.
16. On April 23, 2024, VMA was issued a Notice of Prima Facie Case.
17. *Arrested*: On October 28, 2025, VMA was arrested at his ICE check in appointment in Los Angeles, CA.

16. At his October 28, 2025 ICE check-in, VMA provided proof that he was issued a prima facie notice for his pending VAWA application. That day, I also explained to the ICE officer that my client had a pending VAWA application and had received a prima facie letter. In response, the ICE officer said that the pending VAWA application would not stop the client's arrest and removal.
17. *Detained:* VMA was detained from October 28, 2025 until his removal on November 05, 2025. At three (3) different detention centers, he was held in poor conditions with no medical attention. VMA had to endure poor treatment and overcrowding in cells. Despite my delivery of his prescribed medication to the Los Angeles detention center where he was held, detention staff failed to provide VMA with his medication.
18. VMA has anxiety from the abuse he experienced at the hands of his son, which he reported to police. The detention center staff's cruel and neglectful treatment of VMA triggered his anxiety and caused him extreme emotional distress.

19. On October 29, 2025, I requested a Stay of Removal with ICE on behalf of VMA in Los Angeles, CA. ICE rejected the stay request.
20. On October 30, 2025, I informed the deportation officer in Adelanto, CA, that the client had a pending VAWA application. The officer responded that the application would not prevent his removal.
21. On October 31, 2025, the Jessica Dominguez Immigration Law Group filed a Habeas Petition and Temporary Restraining Order ("TRO") for VMA in the Central District of California. On November 05, 2025, before an order issued on his habeas petition, VMA was deported to his home country.

**D. Harm to Other Clients**

22. Based on my experience representing U visa and VAWA petitioners, under prior policies before 2025, VMA: (1) would have not been arrested; (2) would have been promptly released once I notified ICE of his pending VAWA application; (3) would have been granted a stay of removal; and (4) would have not been deported.
23. The new 2025 policy directly aims to detain and deport U/T/VAWA petitioners, including my own clients. Based on my experience, this is a sharp departure from prior DHS policies and practices concerning immigrant survivors. The new policy has irreparably harmed survivors who would have previously had protection and has caused my clients to fear engaging with law enforcement, even if they experience trafficking or abuse.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Dated: December 23, 2025 Respectfully submitted,

/s/ *Jesus E. Saucedo* _

Jesus E. Saucedo