CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF CHRISTINE MENESES** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

**DECLARATION OF CHRISTINE MENESES FOR MENESES LAW, PLLC**

I, Christine Meneses, declare and state as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I could and would do so competently.

2. My name is Christine Meneses, and I am the Founder and Managing Attorney of Meneses Law, an immigration law firm headquartered at 2900 North Loop West, Suite 300, Houston, Texas 77092. I have practiced immigration law for approximately 8 years, with a primary focus on family-based relief, humanitarian, and survivor-based immigration relief.

3. Meneses Law is a survivor-centered immigration law firm that represents immigrant survivors of domestic violence, sexual assault, human trafficking, and other serious crimes. A substantial portion of our practice is dedicated to U visa, T visa, and Violence Against Women Act ("VAWA") self-petitions. Our firm regularly collaborates with law enforcement agencies, victim-advocacy organizations, and social-service providers to ensure immigrant survivors can safely access protections established by Congress.

4. Meneses Law currently represents numerous U visa petitioners, T visa petitioners, and VAWA self-petitioners, many of whom have pending petitions before U.S. Citizenship and Immigration Services ("USCIS").

5. Our office has represented immigrant survivors seeking survivor-based immigration protections for approximately 7 years.

6. Survivor-based immigration protections such as the U visa, T visa, and VAWA self-petition are essential to our clients' safety and stability. These protections allow

survivors to leave abusive or exploitative situations, reduce vulnerability to retaliation, and meaningfully cooperate with law enforcement without fear that reporting harm will result in detention or deportation.

7. Prior to 2025, ICE enforcement practices were generally consistent with victim-centered policies that protected immigrant survivors with pending U, T, or VAWA petitions. Many of our clients felt safe reporting crimes, seeking restraining orders, or leaving abusive partners because of the protections afforded by these immigration pathways.

**Changes Observed Since February 1, 2025**

8. Since February 2025, over 50 of our clients with pending U, T, or VAWA petitions have been detained by ICE, including over 20 clients who were in valid deferred action status at the time of detention. Prior to 2025, we had never had a client detained while in valid deferred action status absent extraordinary circumstances.

9. Since February 2025, over 10 of our clients with pending U, T, or VAWA petitions have been removed from the United States, including over 10 who were in valid deferred action status. Prior to 2025, we had never had a client deported without meaningful consideration of their pending survivor-based petition.

10. Since February 2025, our office has requested stays of removal for various clients with pending U, T, or VAWA petitions, and ICE has denied those requests. Before 2025, ICE routinely granted stays of removal for survivor-based petitioners and often sought expedited USCIS review where appropriate.

11. Since February 2025, our clients with pending survivor-based petitions have expressed heightened fear of detention and deportation. Many clients have significantly

altered their daily routines, including avoiding work, medical appointments, school, and essential errands, due to fear of ICE encounters.

12. Since February 2025, Meneses Law has observed a noticeable decline in the number of individuals seeking assistance to apply for survivor-based immigration relief.

13. Since February 2025, our clients have expressed increased fear of engaging with law enforcement. In numerous cases, clients declined to report crimes, seek protective orders, or cooperate with police due to fear of arrest, detention, deportation, or increased vulnerability to retaliation by perpetrators.

Representative Client Experience

16. Our office represents a client with a pending VAWA petition filed on 2023.

17. The client has strong community ties, including family relationships, dependents, employment, and community involvement, has consistently complied with all court and ICE requirements, has no criminal history, and does not pose a flight risk or danger to the community. The petition is based on extreme cruelty and/or battery suffered on the hands of his family member under his I-360 application.

18. On 2023, USCIS issued a bona fide determination and granted deferred action to this client, along with employment authorization. To my knowledge, the client has never received notice of revocation and remains eligible for deferred action.

19. Despite the pending petition and deferred action, ICE detained and held our client in detention while in proceedings in August 2025. He has held without bond even with a bona fide determination.

20. Our office repeatedly notified ICE of the client's pending survivor-based petition and deferred action status and requested prosecutorial discretion, parole, and/or a stay of

removal. ICE indicated that the pending petition or deferred action would not alter its enforcement decision.

21. Prior to 2025, in my professional experience, a client in these circumstances would not have been detained, would have been granted a stay of removal, and would not have had proceedings reopened while their survivor-based petition was pending.

22. Based on my experience representing U, T, and VAWA petitioners, the enforcement practices implemented since February 2025 represent a significant departure from prior policies and have caused substantial harm to immigrant survivors and undermined the effectiveness of survivor-based protections enacted by Congress.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 01/03/2026

NAME