CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Kristi Noem, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**DECLARATION OF GIULIA FANTACCI**

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

# DECLARATION OF GIULIA FANTACCI

I, Giulia Fantacci, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Giulia Fantacci, and I am the Founder and CEO at GF Immigration Law, PA ("GF Immigration Law") which is located at 420 Lincoln Road, Suite 357, Miami Beach, FL 33139. I have been working at GF Immigration Law for 5 years.
3. At GF Immigration Law we are a movement for justice, walking hand in hand with immigrants to defend their rights with integrity, provide strong legal representation and humanitarian strategies, and empower them to belong and move forward with dignity in the United States. Our clients are primarily victims of human trafficking. They have suffered horrendous abuses in the United States at the hands of their traffickers. Many of them have been victims of labor trafficking, sexual trafficking, and trafficking in all forms. We are proud to stand with them and fight for their rights.
4. GF Immigration Law represents approximately 15,000 T visa petitioners, VAWA self-petitioners and U visa petitioners.
5. Our office has represented immigrant survivors seeking survivor-based protections for over 5 years.
6. It takes a lot for our clients to even share their stories initially with us and then with USCIS. Their trauma is severe and their past experiences often lead them to shut down and not seek the help that they deserve and that they are legally entitled to. Our clients are reporting crimes committed in the United States, and often at the hands of U.S. citizens; they are working with and seeking protections from their local and federal authorities to ensure that what happened to them does not happen to anyone else in the United States.
7. Prior to 2025, ICE's victim-centered policies protected our clients who were survivors of abuse, trafficking, and crime. Many of our clients felt secure enough to report the harm they experienced or were able to leave their abuser because of immigrant survivor protections like the U visa, T visa, and VAWA.
8. Since February 2025, over 50 of our clients with pending U, T, or VAWA petitions have been detained and deported. In 2024 and before, none of our clients with pending U, T, or VAWA petitions were deported without any review of their petition, and we could advise our clients that applying for a U or T visa or submitting a VAWA self-petition

would protect them. In 2024 and before, we had never had a client deported who was in valid deferred action status.

9. Since February 2025, we have requested stays of removal for 17 of our clients with pending U, T, or VAWA petitions, and ICE has denied 15 of those requests. In 2024 and before, ICE routinely granted U, T, and VAWA petitioners stays of removal and requested expedited review by USCIS, and we had never had a client whose first request for a stay was denied, absent exceptional circumstances. We have additionally had clients with approved T visa cases where ICE ERO has chosen to force them to continue attending check-ins despite evidence of his approved T visa status being submitted to them by the clients and by our office. In 2024 and before, this was not something that any of our clients were forced to do.
10. Since February 2025, our clients with pending U, T, or VAWA petitions are more fearful of detention and deportation, and many have chosen to give up jobs that help provide for their families as a result; many children are afraid of going to school and coming back home to their parents being detained by ICE or being subject to detention themselves; many have chosen to stay home rather than risk being detained at the grocery stores or at a family outing at a park or the mall.
11. Since February 2025, we have seen a significant drop in the number of people who request our assistance to apply for a survivor-based benefit.
12. Since February 2025, our clients have expressed more fear of police and in certain cases, clients have chosen not to report harm or not to pursue a restraining order out of fear of arrest, detention, deportation, or because they are more vulnerable to retaliation by the perpetrator without protection from deportation. This is one of the very things that Congress intended to avoid when it created these protections under law.
13. Our office represents a client in their T visa petition, which was filed on December 19, 2022, and approved by USCIS on February 16, 2024. Our client was the victim of labor trafficking in the United States. Notwithstanding what he suffered, he has been a contributing member of society, helping his siblings and parents in the United States. Nevertheless, ICE has chosen to force him to attend repeated check ins, despite being presented evidence of his approved T visa case. The increased check-ins have caused an increased fear of being detained and deported, despite his approved protections in the United States and are inconsistent with past practices by ICE ERO.
14. Our office represents a client with a pending T visa petition, which was filed on March 31, 2025. He has been attending church every weekend, he is the main financial provider for

his family in the United States and has dreams of continuing to give back to this country. He was detained at an ICE check in on December 18, 2025, and now is at risk of being immediately deported, notwithstanding his pending T visa petition.

15. Our office represents a client with an approved VAWA petition, which was filed on July 29, 2021 and was approved on September 11, 2024. Our client was working and providing for his family in the United States and had been here for over a decade. Our client did not have a deportation order prior to being detained by ICE. ICE not only detained him with an approved I-360 but deported him from the United States within two days.
16. USCIS issued over 30 clients a Bona Fide Determination ("BFD") and grant of deferred action and then subsequently denied their employment authorization requests claiming that their BFD had been rescinded and that their case would no longer be BFD nor deferred action eligible. Without an ability to obtain work authorization during the pendency of their proceedings with USCIS, clients are more at risk of being detained by ICE for driving without a license and being subjected to mandatory detention under the new jurisdictional argument being advanced by ICE and EOIR.
17. Our office represents a client with a pending T visa petition, which was filed on July 15, 2025. Our client was the primary financial provider for his partner and U.S. citizen children. While the T visa petition was pending with USCIS, ICE detained our client on his way to work and removed him from the United States to El Salvador, notwithstanding his pending T visa petition with USCIS.
18. Our office represents a client with a pending T visa petition, which USCIS erroneously denied in February 2025. Our client was the victim of multiple forms of human trafficking and actively working to overcome her past trauma as a result. She was subsequently issued a Notice to Appear in immigration court. The fear of being detained by ICE and subjected to mandatory detention even though she did not have a criminal record, led her to make the very difficult decision to self-depart the United States.
19. Our office represents a client with a pending T visa petition, which was filed with USCIS on January 16, 2025. Our client was the victim of labor trafficking in the United States. While he was scheduled for his ASC (biometrics) appointment in December 2025, ICE agents surrounded him and detained him. Our client is a father of 2 U.S. citizen children, aged 16 and 8. Our client is ill and takes prescription medications. He is now separated from his family and at risk of being deported by ICE at any moment.

20. Our office represents a client with an approved I-192 waiver and T visa petition, which was approved by USCIS on December 7, 2023. Our client was detained on his way to work on New Years Eve without any criminal issues or any other immediate trigger for removal. Our client was the victim of multiple forms of human trafficking. Our client has been in the U.S. for over 24 years and has U.S. citizen children. He has been an upstanding member of our community. He is now in immigration detention and will spend the holiday away from his family.
21. Before 2025, ICE routinely agreed to administratively close cases for clients with deferred action or pending U visa, T visa, and VAWA petitions and ICE routinely granted stays of removal while clients' U visa, T visa, and VAWA petitions were pending. ICE would also routinely coordinate with counsel on requests for expedited USCIS review when a client was detained.
22. Based on my experience representing U visa, T visa, and VAWA petitioners, under prior policies before 2025, the majority of our clients who have had Stays of Removal denied and who have been arrested and deported by ICE would not have been arrested; would have been promptly released once I notified ICE of their petition or deferred action status; and would have been granted a stay.
23. Since February 2025, we have seen thousands of T visa petitioners be issued Notices to Appear by USCIS, many with pending appeals before USCIS based on erroneous USCIS denials and many with T visa petitions pending. We have seen ICE detain T visa, U visa, and VAWA petitioners while their cases are pending with USCIS. These and many other practices are inconsistent with a victim-centered approach and have had monumental consequences for our clients all over the country. These practices have retraumatized thousands of individuals who suffered heinous crimes in the United States and were brave enough to tell their story, seek help, and seek the protections created for them by law and should be immediately reversed.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date January 5, 2026

[signature]

Giulia Fantacci