CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Kristi Noem, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**DECLARATION OF ANGELYNE E. LISINSKI**

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

January 5, 2026

**DECLARATION OF ANGELYNE E. LISINSKI, ESQ. FOR LISINSKI LAW FIRM**

I, Angelyne Lisinski, declare and state as follows:

1. I have personal knowledge of the facts set forth below, and if called to testify, I could and would do so competently.

2. My name is Angelyne Lisinski. I am an attorney licensed to practice law in Ohio and the CEO of Lisinski Law Firm ("the Firm") located at 6377 Emerald Parkway, Dublin, OH 43016. The Firm focuses primarily on United States immigration law and related humanitarian forms of relief.
3. Lisinski Law Firm represents noncitizen clients nationwide in a wide variety of immigration matters, including, but not limited to, applications for humanitarian relief such as self-petitions and related benefits under the Violence Against Women Act (VAWA), T nonimmigrant status (T visas) for survivors of severe forms of trafficking, and U nonimmigrant status (U visas) for victims of certain qualifying crimes.
4. Historically, biometric appointments at USCIS Application Support Centers (ASCs) have been treated by practitioners and applicants as routine benefit-processing steps, not as enforcement events, and the risk of on-site detention at such appointments has been understood as extremely low.
5. Since approximately September 2025, Lisinski Law Firm has observed a marked and alarming change affecting our humanitarian clients who appear for biometrics in connection with pending VAWA and T visa matters. Specifically, clients who appeared for what should have been routine ASC biometrics appointments have instead been detained on site and then rapidly removed from the United States. In some cases, the clients are detained before they are permitted to complete the biometric appointment required for their application.
6. From September 2025 to the present, a total of 16 of the Firm's humanitarian clients have been detained at or in immediate connection with their USCIS biometrics appointments and then removed shortly thereafter. Of these 16 clients, four (4) were applicants in VAWA-based matters, including one with a Bona Fide Determination, and twelve (12) were applicants in T visa matters.
7. In each of the sixteen cases, the client's appearance at biometrics occurred because USCIS had issued a formal biometrics appointment notice as part of the adjudication process for the pending humanitarian application. The Firm advised each client to attend their biometrics appointment in good faith reliance on the longstanding understanding that such appointments exist to facilitate the adjudication of benefits and are not supposed to function as traps for immediate detention and removal.
8. Over this same time period, national data and reports have reflected an increase in immigration enforcement activity away from the border, including at or in connection with USCIS facilities, as well as a growing pattern of coordinated actions between USCIS and Immigration and Customs Enforcement (ICE).
9. The detention and rapid deportation of these 16 humanitarian applicants at their biometrics appointments have had a severe chilling effect on the Firm's clients and prospective clients. Many survivors of domestic violence, human trafficking, and other serious crimes now express fear that simply appearing for a USCIS scheduled biometrics appointment could lead to

immediate detention and removal, even when they are statutorily eligible for relief and have submitted strong, well documented cases with applicable waivers under the INA.

10. In the Firm's professional experience, this pattern undermines the humanitarian purposes of VAWA, T, and related protections, which Congress enacted to encourage survivors to come forward, seek protection, and cooperate with law enforcement without fear that doing so will expose them to heightened enforcement risk at routine benefit processing steps such as biometrics.
11. The facts stated in this declaration are based on my personal knowledge, my review of Firm records, and my experience as an immigration attorney and CEO of Lisinski Law Firm. If called as a witness, I would testify competently to these facts.
12. Our office represents a client in her VAWA petition, which was filed on April 1, 2025. On November 12, 2025, USCIS issued a prima facie determination recognizing the merits of her claim.
13. The client is a non-citizen mother residing in the United States. She has strong community ties, including active participation in her local church, donating clothing, and volunteering at her children's school. She works as a house cleaner and supports her family, with aspirations to open a beauty salon once granted legal status. She has no criminal record and appeared in good faith for her USCIS biometrics appointment, indicating she is neither a flight risk nor a danger to the community. Her VAWA petition is based on a long history of psychological, emotional, financial, and verbal abuse by her son, including explosive anger, property destruction, intimidation, derogatory name-calling, coercive control, and financial exploitation. These patterns of abuse created constant tension and emotional distress, aligning with protections under VAWA for survivors of qualifying family-member abuse.
14. On September 15, 2025, the client was arrested at her scheduled USCIS biometrics appointment despite appearing in good faith and having a prima facie determination. The arrest was based on a prior removal order.
15. The client was detained following the arrest, which compounded her trauma as a survivor seeking humanitarian protection.
16. Before 2025, clients with pending survivor-based petitions and prima facie determinations were rarely arrested at USCIS appointments, and ICE often granted stays or administrative closure.
17. Based on prior policies and experience representing VAWA petitioners before 2025, our client would not have been arrested, would have been promptly released once ICE was notified of her petition, and would likely have been granted a stay.
18. In our experience, the current approach represents a sharp departure from prior practice, with increased enforcement against survivors actively seeking humanitarian relief, including arrests at USCIS appointments and detention despite pending petitions. These changes have negatively impacted our clients and complicated representation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______1/5__________, 2026, in ________Tampa, FL_______________________.

Respectfully,

Angelyne E. Lisinski, Esq.

**The Lisinski Law Firm, LLC**
6377 Emerald Parkway, Dublin, OH 43016
**Phone** 614-344-0633 www.abogadaangel.com