CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF DENISSE V. MILLER** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

**DECLARATION OF DENISSE V. MILLER, ESQ.**

I, Denisse V. Miller, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Denisse V. Miller, and I am the founding attorney at Vergara Miller Law Firm PLLC, which is located at 7070 Knights Ct., Unit 904, Missouri City, TX 77459. I have been working at Vergara Miller Law Firm PLLC for 6 years.
3. At Vergara Miller Law, our mission is to help our clients achieve the stability and security that they deserve. Every case we take represents an opportunity to change lives and build a future full of possibilities.
4. Vergara Miller Law Firm PLLC represents approximately 39 U visa petitioners, approximately 436 T visa petitioners, and approximately 2,498 VAWA self-petitioners.
5. Our office has represented immigrant survivors seeking survivor-based protections for approximately 6 years.
6. VAWA, U visas, and T visas are essential protections that seek to provide safety and justice to noncitizen victims of crimes and violence.
7. Prior to 2025, ICE's victim-centered policies protected our clients who were survivors of abuse, trafficking, and crime. Many of our clients felt secure enough to report the harm they experienced because of immigrant survivor protections like the U visa, T visa, and VAWA.
8. Since February 2025, 11 of our clients with pending U, T, or VAWA petitions have been detained, including 1 who was in valid deferred action status.
9. Since February 2025, at least three of our clients with pending U, T, or VAWA petitions have been deported, including one who was in valid deferred action status.
10. Since February 2025, we have requested stays of removal for one of our clients and he was removed before any decision was made on the pending stay of removal.
11. Since February 2025, we've also had clients with pending U, T, or VAWA petitions who have had closed cases reopened. In 2024 and before, our clients with pending U, T, or VAWA petitions who were not in proceedings and applied for U, T, or VAWA relief, or who had their proceedings administratively closed or stayed based on their U, T, or VAWA petitions pending adjudication, did not have to be concerned about having their case reopened before their petition could be reviewed by USCIS. Absent exceptional circumstances, we were not forced to represent our clients in complex removal proceedings unless and until their petition had been denied.
12. Since February 2025, our clients with pending U, T, or VAWA petitions are more fearful of detention and deportation, and they fear attending their scheduled biometrics appointments.
13. Since February 2025, we have seen a drop in the number of people who request assistance to apply for a survivor-based benefit.
14. Since February 2025, our clients express more fear of police and we have had a client decline to make a police report, even though they were in a physical altercation with their abuser, for fear of being arrested by ICE. This is a clear case of a client choosing not to report harm or not to pursue a restraining order out of fear of arrest, detention, deportation.

15. Our office represents a client in their VAWA petition, which was filed on July 14, 2025.

16. This client has had a challenging life, as she suffered psychological and sexual abuse at the hands of her U.S. citizen husband. She is now divorced from her husband and remains a single parent to two sons, one of which is a U.S. citizen and one of which is included as a derivative in her VAWA filing. Unfortunately, the son included as a derivative was taken into ICE custody. This client poses no flight risk; she has no criminal record and is now facing the prospect of losing one son to deportation while their VAWA case is pending.
17. In August of 2025, USCIS issued a prima facie determination in her case and even though her case remains pending and her son is included as a derivative, he was taken into custody. He is now in removal proceedings before the Immigration Court.
18. Before 2025, it's unlikely that this client's son would have been arrested, in light of his inclusion in his mother's pending VAWA petition.
19. The general changes in policy that were implemented in 2025, with their emphasis on detention and expedited removal, have impacted my clients, their families and their opportunities to seek valid and deserved relief in the U.S.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date: January 5th, 2026

Jennie Miller
_______________________
NAME