CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Immigration Center for Women and Children, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, et. al,<br>Defendants. | Case No.: 2:25-cv-09848-AB-AS<br><br>**DECLARATION OF JOSEPH DORSEY** |

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist* (DC Bar 1720816)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

* *Admitted Pro Hac Vice*

**DECLARATION OF JOSEPH DORSEY FOR LISINSKI LAW FIRM**

I, Joseph Dorsey, declare and state as follows:

1. I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.
2. My name is Joseph Dorsey, and I am a Staff Attorney at Lisinski Law Firm, which is located at 6377 Emerald Pkwy, Dublin OH 43016. I have been working at Lisinski Law Firm for nine months.
3. Lisinski Law Firm was founded with a clear purpose: to change as many lives as possible. As a leader in immigration legal services, we are dedicated to humanitarian cases and recognize that everyone deserves an opportunity to build a safe future in the United States.
4. Our office has represented immigrant survivors seeking survivor-based protections for approximately five years.
5. Prior to 2025, ICE's victim-centered policies protected our clients who were survivors of abuse, trafficking, and crime. Many of our clients felt secure enough to report the harm they experienced or were able to leave their abuser because of immigrant survivor protections like the U visa, T visa, and VAWA.
6. Since February 2025, our clients with pending U, T, or VAWA petitions are more fearful of detention and deportation. Many have missed work, stayed indoors, and even withdrawn cases with USCIS out of fear of being arrested by ICE.
7. Our office represents a client in their VAWA petition and Adjustment of Status application, which was filed on 4/25/2024.
8. My client was a staple in her family and community. At home she acted as a caretaker for her husband's medical conditions and support system for her children and grandchildren. She and her husband own their house jointly, and she was working as a factory packer to support her household and family. She was an active church member and volunteered to teach bible classes. She is proud of her and her husband's efforts to lend a helping hand to those around her. This VAWA petition was based on abuse from her son while he was growing up.
9. On 11/19/2025, my client attended her USCIS interview for her VAWA petition and Adjustment of Status. The USCIS officer conducting the meeting noted that she was not trauma informed and did not have the appropriate training to conduct a VAWA interview. Instead, we continued only with the I-485 Adjustment of Status interview. At the end of the meeting, the USCIS Louisville Field Office Director entered and informed us that ICE was in the facility and would be taking my client. I asked, "Based on what?" The director said that my client was removed from and then returned to the United States without inspection. I argued that she entered with a waive-through and was therefore inspected. He replied, "That's not credible." My client calmly stood up and we exited the office to ICE agents in the hallway. They put her in handcuffs and walked her out a back door.
10. My client was detained for over a month before being deported. She was held in the Clark County, IN prison. The Louisville ICE agents indicated that all women are sent there, rather than a detention facility. When I spoke with her, my client was immediately

concerned about getting access to her medications in the prison. She had spoken to others being detained and heard that some had been there for up to six months. She was scared, but hopeful.

11. The stay of removal I filed on 11/20/2025 indicated that my client had an active VAWA application. On 12/2/2025, our firm submitted an expedited review request to USCIS based on Severe Financial Loss and Emergency. Later, we received denials for my client's I-485, I-601, and I-212. On 12/16/2025, we resubmitted an expedited review request only for the I-360. On 12/29/2025 the expedite request was denied.
12. After my client was arrested at her interview in Louisville, I attempted to file a stay of removal at the Louisville ICE facility. They claimed that I would have to submit it at the main office in Chicago. The next day, I successfully filed a stay of removal in Chicago.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Date 1/5/2026

Name Joseph Dorsey

Signature Joseph Dorsey