CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Immigration Center for Women and Children, et. al., <br><br> Plaintiffs, <br> v. <br> Kristi Noem, et. al, <br> Defendants. | Case No.: 2:25-cv-09848-AB-AS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Hon. Andre Birotte Jr. |

*Additional Counsel for Plaintiffs:*

LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

*Admitted pro hac vice*

Plaintiffs' Response to
Defendants' Notice of Suppl. Authority

Plaintiffs respectfully submit this Response to Defendants' Notice of Supplemental Authority, March 3, 2026 [Dkt. 54] ("Notice"). Contrary to Defendants' assertions, the Board of Immigration Appeals ("BIA") decision in *Matter of Sandra Ibarra-Vega* has no bearing on Plaintiffs' pending motions. It merely addresses immigration judges' authority to keep removal proceedings administratively closed based solely on the existence of a pending U visa petition. 29 I. & N. Dec. 476 (BIA 2026) ("*Ibarra-Vega*").

**_First_**, a BIA decision cannot bind this Court regarding the interpretation of law because "[t]he interpretation of the meaning of statutes, as applied to justiciable controversies," is "exclusively a judicial function." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 387 (2024); *Rodriguez Vazquez v. Hermosillo*, No. 3:25-CV-05240-TMC, 2026 WL 102461, at *6 (W.D. Wash. Jan. 14, 2026) (holding a BIA decision "does not override the binding judgment of an Article III Court adjudicating an actual case or controversy between the parties"). Indeed, the BIA is no longer owed deference regarding legal questions. *Loper Bright Enters.*, 603 U.S. at 396 (eliminating *Chevron* deference). In any event, the BIA's rules for immigration judges regarding their use of case management tools have nothing to do with the legal questions presented in Plaintiffs' pending motions.[1]

**_Second_**, the BIA's statement that "merely being a petitioner for [sic] U-visa does not confer 'any form of lawful status'" is not new or controversial. Notice at 1 (quoting *Ibarra-Vega* at 479). Plaintiffs have never asserted that a pending petition alone confers lawful status, only that individuals with pending petitions facing enforcement have standing to challenge the lawfulness of the 2025 Guidance. Notably, *Ibarra-Vega* does not address the impact of a deferred action grant, which

---

[1] If anything, by holding that immigration judges "have no authority" to protect the interests of U or T visa petitioners by administratively closing their cases based on their pending petitions, *Ibarra Vega* at 481, the decision further undercuts Defendants' argument that immigration proceedings provide sufficient procedural due process for survivors. Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, Dec. 19, 2025 [Dkt. 40] at 30.

*does* confer formal authorization to remain in the United States. *Ibarra-Vega* at 479-480 (noting the "only evidence" the respondent submitted "was a receipt notice from USCIS showing that she filed a U visa petition," but no "evidence showing that USCIS made a bona fide determination regarding her prima facie eligibility for a U visa or placed her on a waiting list after determining her eligibility.").

***Third***, the BIA's acknowledgement of the "rise in the number of pending U-visa petitions" since 2011 and the lengthy delay in U visa adjudication is not new or relevant. Notice at 1. While these facts demonstrate that the U visa program has been successful in encouraging noncitizen crime victims to report crime and that interim benefits like deferred action during the long wait are essential to its continued success, Defendants fail to explain how they impact the pending motions. Indeed, the BIA found the delays relevant only to the factors for administrative closure. *Ibarra-Vega* at 478 (noting likelihood of success on a pending petition and the "anticipated duration of the administrative closure" as relevant factors).

***Fourth***, Plaintiffs do not ask this Court to "create" any "form of immigration relief." Notice at 2 (quoting *Ibarra-Vega* at 482). They merely ask the Court, while this action is pending, to (1) postpone an arbitrary and unlawful written policy, (2) postpone and/or enjoin Defendants' policy of revoking deferred action without any process, and (3) interpret 8 U.S.C. § 1227(d)(1) to require Defendants to consider U or T visa petitioners' prima facie eligibility when deciding requests to stay their removal orders. In suggesting that separation of powers considerations prevent this Court from stopping the executive branch from violating the Constitution and laws enacted by Congress, Defendants once again have their argument backwards: it is the brazen notion that executive agencies may run roughshod over Congressional and Constitutional limits without any word from the Judiciary that "raise[s] serious constitutional issues implicating the separation of powers." Notice at 2.

Dated: March 5, 2026                    Respectfully submitted,

                                        _/s/ Bardis Vakili_____
                                        Bardis Vakili

                                        CENTER FOR HUMAN RIGHTS &
                                        CONSTITUTIONAL LAW
                                        Bardis Vakili
                                        Sarah E. Kahn
                                        Erika Cervantes

                                        LA RAZA CENTRO LEGAL
                                        Stephen A. Rosenbaum
                                        Jordan Weiner

                                        PUBLIC COUNSEL
                                        Rebecca Brown
                                        Kathleen Rivas

                                        COALITION FOR HUMANE
                                        IMMIGRANT RIGHTS
                                        Carl Bergquist
                                        Adam Reese

Plaintiffs' Response to
Defendants' Notice of Suppl. Authority