UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ICWC, et al.,

Plaintiffs,

v.

Markwayne Mullin, et al.,

Defendant.

Case No. 2:25-cv-09848-AB-AS

**[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR PRELIMINARY INJUNCTION TO PERMIT RETURN OF DANIEL H. TO THE UNITED STATES**

Pending before the Court is Plaintiffs' Ex Parte Motion for Preliminary Injunction to Permit Return of Daniel H. to the United States. On agreement of the parties, the matter was presented through expedited briefing. Considering the arguments presented and applying the factors for preliminary relief outlined in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), the Court hereby GRANTS the motion.

On May 20, 2026, the Court found that Plaintiffs, including Daniel H., were likely to succeed on their claims that ICE Policy No. 11005.4, *Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits* (Jan. 30, 2025) ("2025 Guidance") violated the Administrative Procedure Act ("APA"). Order Granting Plaintiffs' Motion for Class Certification [Dkt. No. 23] and Granting in Part and Denying in Part Plaintiffs' Motion

for Preliminary Injunction [Dkt. No. 31], May 20, 2026, Dkt. 57 ("May 20 Order").

In relevant part, the Court held that Plaintiffs are likely to succeed on their claim that the 2025 Guidance is arbitrary and capricious "because it reverses decades of policy (1) without a sufficiently-reasoned explanation for disregarding the concerns underlying that prior policy, (2) without considering the reliance interests of persons who have acted in reliance on those policies, and (3) without considering serious aspects of the problem." *Id*. at *35. The Court further held that Plaintiffs are likely to succeed on their claim that the 2025 Guidance is contrary to law because it permits "ICE agents to turn a blind eye to persons with pending petitions, [and thereby] undermines the legislative scheme Congress designed to protect such individuals from removal." *Id*. at *36. Accordingly, it stayed the 2025 Guidance, including its rescission of two prior policies, as to the Individual Plaintiffs, including Daniel H., as well as to members of the certified classes and to clients of the organizational Plaintiffs. *Id*. at *96. The result of the Court's order staying the 2025 Guidance is that the policies it rescinded, including ICE Directive 11005.3, *Using a Victim-Centered Approach with Noncitizen Crime Victims* (Dec. 2, 2021) ("2021 Directive"), are, for the time being, reinstated as to the Plaintiffs, including Daniel H.

The court also issued a Preliminary Injunction regarding three individual Plaintiffs who had been removed: Carmen F., Yessenia Ruano, and Lupa A Specifically, the Court enjoined Defendants from "preventing the reentry" of Carmen F., Yessenia Ruano, and Lupe A. "to the United States in the same immigration status they had prior to their forced expulsion" under two additional policies the Court found unlawful: the De Facto Revocation Policy and the Blind Removal Policy. The Court further "enjoined" Defendants from thereafter removing Lupe A., Carmen F., and Yessenia Ruano without providing the procedures to which the Court held they are entitled. May 20 Order at *96.

Addressing the present motion, the Court again holds the 2025 Guidance violates the APA, for the same reasons as stated in its May 20 Order. The Court further finds

that when ICE arrested, detained, and ultimately removed Daniel H., it did so pursuant to the 2025 Guidance.

Daniel H. suffered irreparable harm as a result of Defendants' application of the 2025 Guidance, rather than the 2021 Directive it rescinded, to his case. For example:

- The 2021 Directive requires ICE to "refrain from taking civil enforcement action" against U visa petitioners "absent exceptional circumstances." 2021 Directive 2 ¶ 2. "Exceptional circumstances generally exist only" where the "noncitizen poses national security concerns" or the "noncitizen poses an articulable risk of death, violence, or physical harm to any person." *Id*. at 3 ¶ 3.4. Despite the apparent lack of any exceptional circumstances exist in Daniel H.'s case, ICE arrested him, refused his requests for release and opposed his requests to cease civil enforcement action.
- The 2021 Directive requires that "ICE officers must consider any and all evidence that an individual has been a victim of crime—such as the receipt of victim-based immigration benefits or pending applications for such benefits . . . in rendering custody determinations. 2021 Directive at 9 ¶ 5.6. Daniel H. informed ICE that he had a pending application for such benefits when ICE arrested and detained him, but, applying the 2025 Guidance, ICE did not consider this evidence in its custody determination and refused to release him.
- The 2021 Directive counsels ICE generally to only detains immigrant survivors when their release is "prohibited by law or exceptional circumstances exist." 2021 Directive at 8, ¶ 5.4(a). As the district court in Daniel H.'s case held, his release was not prohibited by law. Nevertheless, applying the 2025 Guidance, ICE kept him in detention.
- The 2021 Directive requires that, if ICE determines detention of an immigrant survivor with a pending U visa petition is required by law or the presence of exceptional circumstances, "ICE will request that USCIS expedite the adjudicative action" on the pending petition. 2021 Directive at 8 ¶ 5.4(a).

Applying the 2025 Guidance, ICE did not request expedited adjudication of Daniel H.'s pending U visa petition after detaining him, and ultimately removed him without any review of his pending petition.

Thus Daniel H. suffered irreparable harm by ICE's application of the 2025 Guidance to his case. As this Court has found, being "removed despite [a] pending petition[] for victim-based benefits and the protections from removal that those petitions offered in exchange for coming forward" constitutes irreparable harm. May 20 Order at *42; *see Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011). Furthermore, Daniel H. states that he fears physical harm from his attacker, who he states lives in Guatemala, and he has been separated from his wife, daughters, and community. These all constitute irreparable harm. *Id.*; *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir.2001) (en banc).

Finally, the balance of equities tips in his favor and the requested injunction is in the public interest. These factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). First, there is a public interest in preventing wrongful removal. *Id.* "Violations of federal law are neither equitable nor in the public's interest." May 20 Order at *43 (citing *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013)). Second, "there is also a public interest in 'preserving congressional intent,' which, as discussed above, Defendants' policies likely undermine." *Id.* at *43 (quoting *East Bay Sanctuary*, 993 F.3d at 678). Third, the government's purported, generalized interest in removal cannot outweigh the public's interest in fair implementation of the law. Indeed, it has no interest at all in unlawful removals. *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025).

The scope of the relief requested is appropriately narrow to remedy the harm suffered. Consistent with its prior order, an order "[r]equiring Defendants to permit [Daniel H.] to re-enter would partially return [him] to the status quo before these violations and allow [him] to avail [himself] of the procedures to which [he is] entitled." May 20 Order at *92; *see, e.g., Mendez v. Immigr. & Naturalization Serv.*, 563 F.2d 956 (9th Cir. 1977) (approving order that the government admit into the United States

a noncitizen who had been deported "to pursue any administrative and judicial remedies to which he is lawfully entitled").

Accordingly, the Court GRANTS Plaintiffs' Motion for Preliminary Injunction to Permit Return of Daniel H. to the United States and ORDERS as follows:

(1) Defendants are preliminarily ENJOINED from preventing the re-entry of Daniel H. to the United States in the same immigration status he had prior to his deportation from the United States, and are further ENJOINED from removing Daniel H. without applying the 2021 Directive to his case.

**IT IS SO ORDERED.**

Dated:

____________________________________
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE