CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Monika Y. Langarica (Cal. Bar No. 308518)
monika@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
Erika Cervantes (Cal. Bar No. 344432)
erika@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705
Tel: (909) 274-9057

Attorneys for Plaintiffs

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Immigration Center for Women and Children, et. al.,

Plaintiffs,

v.

Markwayne Mullin, et. al,

Defendants.

Case No.: 2:25-cv-09848-AB-AS

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO CLARIFY OR ENFORCE OR, IN THE ALTERNATIVE, MODIFY THE COURT'S MAY 20, 2026 ORDER**

Hon. André Birotte Jr.
Hearing Date: TBD
Hearing Time: TBD

*Additional Counsel for Plaintiffs:*
LA RAZA CENTRO LEGAL
Stephen A. Rosenbaum (Cal. Bar No. 98634)
srosenbaum@law.berkeley.edu
Jordan Weiner (Cal. Bar No. 356297)
jordan@lrcl.org
474 Valencia Street, Suite 295
San Francisco, CA 94103
Tel: (415) 575-3500

PUBLIC COUNSEL
Rebecca Brown (Cal. Bar No. 345805)
rbrown@publiccounsel.org
Kathleen Rivas (Cal. Bar No. 333600)
krivas@publiccounsel.org
610 South Ardmore Ave.
Los Angeles, CA 90005
Tel: (213) 385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (DC Bar 1720816)*
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: (310) 279-6025

Adam Reese (Cal. Bar No. 362898)
areese@chirla.org
2533 W 3rd Street, #101
Los Angeles, CA 90057
Tel: (213) 353-1333

*Admitted pro hac vice*

## INTRODUCTION

None of Defendants' arguments undermine this Court's authority to clarify, enforce, or, in the alternative, modify its Order Granting Plaintiffs' Motion for Class Certification [Dkt. No. 23] and Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction [Dkt. No. 31] ("May 20 Order") to provide for the return of Carmen F.'s nine-year-old derivative son and Yessenia Ruano's derivative husband. Defendants hide behind arguments this Court has already rejected and otherwise raise incorrect and irrelevant objections that have no bearing on the issues at hand. The Court should grant the requested relief because it retains jurisdiction to do so notwithstanding Defendants' notice of appeal of the May 20 Order; 8 U.S.C. § 1252 does not strip this Court of jurisdiction; and the Court has authority to permit the return of a nonparty to effectuate its May 20 Order.[1]

## ARGUMENT

### I.      The Notice of Appeal Did Not Divest this Court of Jurisdiction.

The Court may clarify, enforce, or modify the May 20 Order while Defendants' appeal is pending because doing so is necessary to preserve the status quo and will not disturb the merits on appeal. Defendants' assertion that their Notice of Appeal entirely strips the Court of jurisdiction willfully misreads the rule, which includes broad exceptions applicable here.

To support this sweeping theory, Defendants wrongly assert that the "Ninth Circuit applies that rule here *without qualification*: 'The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed.'" Opp.

---

[1] Defendants seek to "incorporate . . . by reference" arguments made in their pending Stay Motion, Defs.' Opp'n to Pls.' Ex Parte Mot. ("Opp") at *5, No. 2:25-cv-09848-AB-AS. Plaintiffs object to this tactic to shoehorn extra arguments into their motion. *See* L.R. 7-5 (moving papers must be filed with a "brief and complete memorandum"); L.R. 15-2 (for amended pleadings, the local rules explicitly prohibit reference to the prior pleading); Judge's Rules, Hon. Birotte ("replies must not exceed 15 pages."). If Defendants believed these arguments had merit, they should have sought leave for an oversized brief.

at 4. (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734–35 (9th Cir. 1982)) (emphasis added). But the Ninth Circuit and the Federal Rules of Civil Procedure provide the explicit "qualification," *id*., that, "[w]hile an appeal is pending from an interlocutory order" granting an injunction, "the court may suspend, modify, restore, or grant an injunction during the pendency of the appeal," *McClatchy*, 686 F.2d at 734 (citing Fed. R. Civ. P. 62(c)).[2] As the *McClatchy* court noted, "Rule 62[] is merely expressive of a power inherent in the court to preserve the status quo where, it its sound discretion, the court deems the circumstances to so justify." *Id.* (internal quotations and citation omitted). To put a finer point on it: "an appeal from an order granting an injunction does not deprive the district court of jurisdiction to alter the injunction for purposes of maintaining the status quo[.]" *Id.* at 735. The Ninth Circuit has further clarified that district courts retain jurisdiction over injunctions while an appeal is pending so long as doing so "[does] not materially alter the status of the case on appeal." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

District courts in this circuit have applied the exception in the context of requests for <u>clarification</u>. *Thakur v. Trump*, 795 F. Supp. 3d 1168, 1178 (N.D. Cal. 2025) ("Moreover, a district court has jurisdiction to clarify the meaning of its orders even while an appeal is pending.") (citing *Pub. Serv. Co. of Colo. V. Batt.*, 67 F.3d 234, 238 (9th Cir. 1995); *United Farm Workers v. Noem*, No. 1:25-CV-00246 JLT CDB, 2026 WL 892070, at *37 (E.D. Cal. Apr. 1, 2026) (finding "jurisdiction to issue these clarifications" because "they will not materially alter the issues on appeal.").

Courts have also affirmed jurisdiction to <u>enforce</u> orders like the one at issue

---

[2] In 2018, after *McClatchy*, Rule 62 was amended slightly, but its jurisdiction-preserving provisions, now also at subdivision (d), stayed substantively the same. Fed. R. Civ. P. 62, Advisory Committee Notes, 2018 Amendments.

here. *A & M Records*, *Inc. v. Napster*, Inc., 284 F.3d 1091, 1097-99 (9th Cir. 2002) ("The district court properly exercised its power under Rule 62[] to continue supervision of [defendant's] compliance with the injunction . . . [t]he shut down order was a proper exercise of the district court's power to enforce compliance with the modified preliminary injunction," although it was "issued after the parties had filed notices to appeal the modified preliminary injunction."); *Meinhold v. United States Dep't of Def.*, 34 F.3d 1469, 1480 n. 14 (9th Cir. 1994) (holding district court retained jurisdiction to issue amended order "which broadened scope of injunctive relief" because it served to "clarify its original injunction and to supervise compliance[.]"); *Thakur*, 795 F. Supp. 3d at 1178 ("The Court, of course, retains jurisdiction to enforce the Preliminary Injunction during the pending appeal.").

Finally, courts have affirmed district court jurisdiction to <u>modify</u> injunctions notwithstanding any pending appeal. *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166 ("[T]he district court possessed jurisdiction to modify the injunction while the consolidated appeal was pending, because the changes preserved the status quo and did not materially alter the status of the case on appeal."); *State v. Trump*, 263 F. Supp. 3d 1049, 1056 (D. Haw. 2017), *aff'd*, 871 F.3d 646 (9th Cir. 2017) (holding district court had jurisdiction to modify injunction while it was pending on appeal); *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1073-74 (E.D. Cal. 2016) (citing, *inter alia*, *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961) (holding that a district court may "modify or broaden the scope of its injunction" if it is "informed of new facts that require additional supervisory action.").

Defendants attempt to hide from the Ninth Circuit's explicit approval of orders like the one Plaintiffs request by raising the limitation on orders that serve to "finally adjudicate substantial rights directly involved in the appeal." Opp. at 5. But that is wholly irrelevant to the motion before this Court; Plaintiffs' request involves no such final adjudication, and instead concerns preliminary relief. *Napster*, 284 F.3d at 1099

(distinguishing modifications to "finally adjudicate substantial rights directly involved in the appeal" from actions to "supervis[e] compliance with the injunction."). Plaintiffs ask the Court to clarify or enforce its preliminary injunction to ensure the return of immediate family members and derivatives on the survivor-based applications of the subjects of the May 20 Order, Ms. Ruano Carmen F. In the alternative, Plaintiffs ask this Court to modify its May 20 Order so that it can achieve its stated goal of preserving the status quo ante. *See* Pls.' Ex Parte Mot. to Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order at *18, June 25, 2026, Dkt. 65; *see also Nat. Res. Def. Council*, 242 F.3d at 1166. Doing so will not alter the case on appeal. *Id.*

As Plaintiffs explained, the clarification, enforcement, or modification Plaintiffs seek is necessary to preserve the Court's jurisdiction and to protect its May 20 Order, which ordered Defendants to permit Carmen F. and Ms. Ruano to return to the status quo ante Defendants' unlawful acts, which they cannot do without their husband and child, respectively. Defendants argue that an order providing for the return of Carmen F.'s nine-year-old son and U visa application derivative, or the return of Ms. Ruano's husband and T visa application derivative constitutes "affirmative, status-quo-reversing relief," because it would require that individuals who are abroad return. Opp. at 19. But the status quo that a modification must preserve is the status quo at the time of the appeal, including the preserving the benefit of the preliminary relief in place. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("The district court in the present case neither changed the status quo at the time of the first appeal nor materially altered the status of the appeal" by issuing a second injunction when the first expired). At the time of the appeal, Carmen F. and Ms. Ruano were beneficiaries of an order returning them to the status quo ante to remedy Defendants' unlawful action; this Motion seeks to preserve that status quo by ensuring Carmen F. and Ms. Ruano can properly avail themselves of the May 20 Order. Defendants refused to promptly effect the order, appealed it, and now claim

that the Court must preserve a status quo they manufactured. The Court should reject Defendants' baseless demand.

Moreover, Plaintiffs do not seek to disturb the Court's legal conclusions or otherwise "materially alter the status of the case on appeal" where the requested relief would leave "unchanged the core questions before the appellate panel deciding the . . . appeal." *Nat. Res. Def. Council*, 242 F.3d at 1167. Indeed, Plaintiffs' requested relief is premised on the fact that this Court has already found Plaintiffs likely to prove the violations the sought relief will remedy. This Court already found that Plaintiffs are likely to show that the 2025 Guidance is arbitrary and capricious and contrary to law, May 20 Order at *69, 74; that Defendants' Blind Removal Policy likely violates 8 U.S.C. § 1227(d)(1), *id*. at *85-86; and that the Court already ordered the government to "permit" Ms. Ruano and Carmen F. "to re-enter" in order to "partially return them to the status quo before these violations," *id*. at *92. Those findings and remedies will remain undisturbed on appeal if the Court grants the present Motion.[3]

Thus, Defendants' appeal did not divest this Court of jurisdiction to order the relief Plaintiffs have requested.

**II.     The Law of the Case Precludes Defendants' Section 1252 Arguments, Which Still Fail on the Merits.**

Defendants' petulant insistence that Section 1252(g) bars jurisdiction remains meritless.

The Court has already determined that 8 U.S.C. § 1252(g) does not bar Plaintiffs' claims nor the relief they seek because (1) "the Individual Plaintiffs' claims 'arise' not from ICE's decisions to commence proceedings, adjudicate cases, or execute removal orders, but from ICE's decisions to ignore prior grants of deferred action and their statutory obligation to seek prima facie determinations;"

---

[3] Defendants' last-ditch argument that the May 20 Order is "likely to be stayed and reversed," Opp. at 20, has no bearing on jurisdiction or the fact the May 20 Order remains fully operative unless and until Defendants' Stay Motion and/or Ninth Circuit appeal are adjudicated.

Plaintiffs' Reply in Support of Ex Parte Motion to
Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65

(2) "where the Attorney General totally lacks the discretion to effectuate a removal order, § 1252(g) is simply not implicated;" (3) "the Court retains jurisdiction to decide a purely legal question that does not challenge the Attorney General's discretionary authority even if the answer to that legal question forms the backdrop against which the Attorney General later will exercise discretionary authority;" and (4) § 1252(g) does not bar APA review of the 2025 Guidance, which is clearly reviewable as a rescission of affirmative benefits. May 20 Order at *24-25 (cleaned up). The Court's legal conclusions on this issue constitute law of the case, under which "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case**." *Old Pers. v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). But even if those conclusions did not control (they do), the same reasoning applies to this Motion, and Defendants' arguments to the contrary are unavailing. *See* Opp. at 5-6.[4]

Defendants' single unpublished out-of-circuit district court case cannot salvage their argument where the reasoning for that district court's declination to grant relief based on the May 20 Order in this case has no bearing here. Opp. at 6 (citing *Rauda Choto v. Ladwig*, No. 26-0322, 2026 WL 1652576, at *2 (W.D. La. June 8, 2026) (declining to follow *ICWC v. Noem* because it is a "non-final order issued in another district court.")). For Ms. Ruano and Carmen F., Plaintiffs in this case, the legal conclusions in May 20 Order are dispositive. Moreover, *Rauda Choto* is far outweighed by numerous other decisions that have granted relief based on the May 20 Order. *See, e.g., Perdomo Reynaud v. Lyons*, No. 26-CV-05905, 2026 WL 1674229, at *6 (D. N.J. June 10, 2026) (noting that petitioner appeared to be an *ICWC*

---

[4] Defendants' repeated § 1252(f)(1) arguments fail for the same reasons; the Court has already decided the issue in this case, and those legal conclusions apply equally to this Motion. May 20 order at *35-38. Additionally, Defendants' hollow assertion that Plaintiffs' Motion "intimate[s]" "classwide injunctive relief," Opp. at 2, is disingenuous at best. Plaintiffs have not sought relief for S.F. or Mr. Guerra Dominguez based on a class membership theory.

Plaintiffs' Reply in Support of Ex Parte Motion to
Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65

class member and holding her deferred action status made her detention unlawful); *Zavala Amanza v. Oddo*, No. 3:26-CV-720, 2026 WL 1506283, at *6 (W.D. Pa. May 29, 2026) ("This Court takes direction from" *ICWC v. Noem*); *Osorio Gonzalez v. Wesling,* No. 26-CV-231-JJM-AEM, 2026 WL 1765871, at *10 (D.R.I. June 19, 2026) (ordering immediate release and that "pursuant to the *ICWC* class action, the Government shall not act under the 2025 Guidance in re-detaining Mr. Gonzalez while the Guidance remains stayed.").

Defendants can no more win on the same arguments they've already lost than can an outlier out-of-circuit district court decision have any impact on this Court's enforcement of its Order. Section 1252(g) does not apply.

**III.    The Court Has Authority to Order the Return of S.F. and Mr. Guerra Dominguez.**

Defendants' arguments that the Court may not order the government to permit the return of nonparties rest on their mischaracterization of the relief Plaintiffs seek, fundamental misunderstandings of the cited cases, and other unfounded assertions.[5]

First, Defendants mischaracterize the relief Plaintiffs seek. As discussed, Plaintiffs do not seek to enlarge the May 20 Order; they ask this Court to clarify it in order to ensure Carmen F. and Ms. Ruano—two of its original "beneficiaries," Opp. at 8—are able to avail themselves of it. Defendants can cite no authority for their assertion that providing for the return of other people "is not clarification," *id.* because, as the law makes clear, clarification of the scope of an injunction is squarely within the discretionary authority of the district court. *Smagin v. Yegiazaryan*, No. 2:14CV09764RGKPLA, 2020 WL 1652347, at *6 (C.D. Cal. Apr. 1, 2020).

Second, Defendants utterly misstate the law. Their claim that the Supreme

---

[5] Defendants note that the "[c]larification doctrine," a "doctrine" they neither define nor cite authority for, "tells a party subject to contempt how to comply; it does not tell a movant how to add beneficiaries." Opp. at 15. Plaintiffs seek "clarification" from the Court in the form of an order telling "a party," Defendants, "how to comply" with its May 20 Order, by permitting the return of Carmen F.'s son and Ms. Ruano's husband.[5]

Plaintiffs' Reply in Support of Ex Parte Motion to
Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65

Court in *Kleindienst* reversed the district court's holding that a court could order the government to permit the entry of a nonparty to the suit in order to vindicate the rights of a plaintiff is incorrect. Opp. at 15 (citing *Kleindienst v. Mandel*, 408 U.S. 753, 764 (1972)). In reality, the Supreme Court agreed with the district court that a citizen plaintiff's constitutional rights can be implicated by the exclusion of a noncitizen third party and only overturned because it held the government had satisfied its constitutional obligations by providing a facially legitimate and bona fide reason for the denial. *Kleindienst*, 408 U.S. at 764-65 (explaining that "[t]he rights asserted here . . . are those of American academics who have invited Mandel to participate with them in colloquia, debates, and discussion in the United States" and "recogni[zing] that First Amendment rights are implicated.").

Moreover, Defendants argue that *Trump v. Int'l Refugee Assistance Project* "left a nationwide injunction in place only 'with respect to' foreign nationals who have 'a bona fide relationship with a person or entity in the United States,' and the courts policed the boundaries of relief already extended to that defined class." Opp. at 16 (quoting *Trump v. Int'l Refugee Assistance Project ("IRAP")*, 582 U.S. 571, 579 (2017)). But no such class was defined or certified. That case was brought by "people or entities in the United States who have relationships with foreign nationals abroad, and whose rights might be affected if those foreign nationals were excluded." *IRAP*, 582 U.S. at 581. Plaintiffs in *IRAP* sought to enjoin the government from preventing their loved ones and family members from entering the United States. *Id*. In that case, the loved ones (as well as employees, clients, students, and others closely related to individual and organizational plaintiffs) seeking to enter were a large and broadly defined group. In this case, Plaintiffs seek the return of just two individuals on the same principal—that their loved ones, Carmen F. and Ms. Ruano, have a right to their presence in the United States.

Third, Defendants' arguments that the Court may not issue an order under the All Writs Act merely recycle arguments they have already lost. As explained, *supra*,

8

§1252 does not bar Plaintiffs' claims, and the All Writs Act is therefore not a "fallback" to "avoid complying with statutory requirements." Opp. at 6. Further, Defendants' argument that "[n]o right and no violation have been shown" manages to fail twice. *Id*. at *8. First, this Court has already found that Plaintiffs have likely shown a violation of their rights. May 20 Order at *90. Second, Plaintiffs seek relief under the All Writs Act in order to preserve the integrity of the Court's May 20 Order, not as a new injunction based on separate claims. *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 841 (9th Cir. 2005) ("[T]he All Writs Act[] empowers a district court to protect its judgment from a subsequent action that frustrates the purpose of the . . . order.").

Finally, Defendants raise numerous unfounded and irrelevant factual assertions. Their objection to the return of Carmen F.'s nine-year-old son based on their argument that his removal is not traceable to the conduct challenged in this case is unserious. Opp. at 11. Defendant ICE *arrested* S.F., a derivative on his mother's U visa application, *detained* him for two months with his mother, *summarily denied* their requests for release and a stay, and *deported* them together before USCIS could review their petition for prima facie eligibility—all under the cover of the challenged 2025 Guidance. Yet Defendants suggest that because S.F., a *nine-year-old child*, had a removal order before the 2025 Guidance, his removal is not traceable to the policies the May 20 Order stayed. *Id*. Defendants conspicuously fail to mention that ICE stayed S.F.'s removal order in 2024 under the 2021 Directive, and only executed it pursuant to the 2025 Guidance that the May 20 Order set aside. Decl. of Sarah Kahn in Support of Pls.' Mot. for §705 Relief and Prelim. Inj., Oct. 27, 2025, Dkt. 23-12, Exh. E. As Plaintiffs have explained ad nauseum, S.F.'s return is required to return Carmen F. to the status quo ante Defendants' unlawful actions. But to the extent this Court is interested in an additional "causal link," Opp. at 11, between S.F.'s removal and the conduct

Plaintiffs' Reply in Support of Ex Parte Motion to
Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65

Plaintiffs challenged in this case, it is obvious from the record before it.[6]

Similarly, Defendants protest that Mr. Guerra Dominguez "departed of his own accord," Opp. at 9, and thus the requested relief is impermissible. But as Plaintiffs have explained, Mr. Guerra Dominguez only left the country because the government unlawfully forced Ms. Ruano to leave the country. But for the government's application of the 2025 Guidance in her case, both Ms. Ruano and Mr. Guerra Dominguez would be living with their United States Citizen daughters in the United States. The order returning her to the status quo ante cannot be fully effectuated without his return. Indeed, because the "'scope [of injunctive relief] is dictated by the extent of the violation established . . .'" Opp. at 15 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979), return of S.F. and Mr. Guerra Dominguez is required. The record before this Court establishes that the violations as to Carmen F. and Ms. Ruano forced their respective families from the country; the scope of relief requires the return of the families intact.[7]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their requested relief.

---

[6] Moreover, like his mother, S.F. is a Stay of Removal Class Member (he has "a pending U . . . visa petition [and], since January 30, 2025, [has] been . . . detained by ICE and . . . requested a stay of a final removal order prior to enforcement of that removal order."). May 20 Order at *95.

[7] Defendants take issue with the fact that Carmen F.'s most recent declaration "carries an interpretation certificate signed not by the unnamed interpreter but by Plaintiffs' counsel." Opp. at 14. Between May 27 and June 16, 2026, Plaintiffs awaited a response from Defendants regarding their position on the return of S.F. and Mr. Guerra Dominguez. Decl. of Bardis Vakili in Support of Plaintiffs' Ex Parte Motion to Clarify or Enforce, or in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65-3. After waiting over two weeks for Defendants to confirm they would not agree to the returns, Plaintiffs made arrangements to file the present Motion as quickly as possible in order to uphold the rights of Carmen F. and Ms. Ruano, but were not able to secure a certification from the third-party interpreter before filing. Plaintiffs have attached the interpreter's signature to this Reply.

Dated: July 7, 2026                          Respectfully submitted,

                                             _/s/ Sarah E. Kahn_____
                                             Sarah E. Kahn

                                             CENTER FOR HUMAN RIGHTS &
                                             CONSTITUTIONAL LAW
                                             Bardis Vakili
                                             Monika Langarica
                                             Sarah E. Kahn
                                             Erika Cervantes

                                             LA RAZA CENTRO LEGAL
                                             Stephen A. Rosenbaum
                                             Jordan Weiner

                                             PUBLIC COUNSEL
                                             Rebecca Brown
                                             Kathleen Rivas

                                             COALITION FOR HUMANE
                                             IMMIGRANT RIGHTS
                                             Carl Bergquist
                                             Adam Reese

Plaintiffs' Reply in Support of Ex Parte Motion to
Clarify or Enforce or, in the Alternative, Modify the Court's May 20, 2026 Order, Dkt. 65