UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-09848-AB-AS | Date: | July 27, 2026 |
|---|---|---|---|

| Title: | *Immigration Center for Women and Children et al v. Kristi et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>DENYING</u> DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING APPEAL AUTHORIZATION [Dkt. No. 72]**

Before the Court is Defendants' Ex Parte Application for a Stay Pending Appeal Authorization ("Application," Dkt. No. 72). Plaintiffs filed an opposition and Defendants filed a reply (Dkt. Nos. 83, 88). The Application is **<u>DENIED</u>**.

**DISCUSSION**

Defendants move the Court to stay its Order Granting Plaintiffs' Motion for Class Certification and Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction ("Order," Dkt. No. 57) pending the Solicitor General's determination of whether to pursue an appeal. Defendants filed a notice of appeal to preserve their rights, but the Solicitor General's appeal authorization decision is still pending. Defendants suggest that they expect the decision in the near future.

Federal Rule of Civil Procedure 62(d) authorizes a district court to stay its order pending appeal. Federal Rule of Appellate Procedure 8(a)(1) requires a party

to move the district court for a stay pending appeal before moving the Court of Appeals for a stay. The authority to stay an order pending appeal includes the authority to stay an order pending the Solicitor General's decision whether to appeal. *See e.g.*, *Elec. Frontier Found. v. Office of the Dir. of Nat. Intelligence*, 639 F.3d 876, 882 (9th Cir. 2010) ("We granted a stay pending appeal to allow the Solicitor General the opportunity to decide which part(s) of the summary judgment order to appeal.")

To decide whether to stay an order pending appeal, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." *Id.* When the Government is the movant, the third and fourth factors "merge." *Id.* at 435.

The Court concludes that the Defendants have not met their burden. First, Defendants do not make a *strong showing* that they are *likely* to succeed on the merits should they decide to appeal the Order. The briefing on Plaintiffs' Motions raised many difficult issues, and reasonable minds can differ, but none of the Defendants' arguments persuade the court that they are *likely* to succeed on the merits of an appeal. Defendants characterize their argument based on 8 U.S.C. § 1252(f)(1) as "the centerpiece of the likelihood-of-success showing." Appl. 1:13-16. Section 1252(f)(1) strips the court of jurisdiction to enjoin the operation of 8 U.S.C. §§ 1221–1232 on a classwide basis. Defendants argue that although the Order purports to stay the 2025 Guidance under the Administrative Procedures Act ("APA"), it is functionally an injunction, so the Order's classwide APA stays are barred. But relying on binding Ninth Circuit authority distinguishing between injunctions and APA stays, the Order determined that § 1252(f)(1) barred classwide injunctive relief, not classwide APA stays. Defendants' Application does not make a strong showing that they are likely to succeed on the merits of their contrary argument. Defendants argue that the Order incorrectly decided various other questions, but the Court is not persuaded that Defendants are *likely* to prevail on an appeal.

Nor is the Court persuaded that Defendants will be irreparably injured absent a stay. Defendants argue that they will be injured in three ways. First, Defendants point to the sovereign injury of being enjoined from effectuating immigration statutes, the difficulty of reinstating prior policy given that Defendants have

dismantled the infrastructure that supported it, and not being able to promptly remove removable aliens. Second, Defendants argue that because the Order was entered without jurisdiction, it necessarily creates irreparable injury. And third, because the Order grants a universal injunction, it compounds the other injuries. These second and third alleged injuries are coextensive with Defendants' arguments on the merits. Because the Court is not persuaded on the merits, it is not persuaded that these same arguments establish irreparable injury.

Defendants' first argument partially overlaps with the merits. For example, Defendants argue that they are harmed because the Order enjoins them from administering the immigration laws, but as alluded to above, the Order stayed policies that the Court found were likely unlawful. Binding authority discussed in the Order distinguishes between APA stays and injunctions. Defendants' argument that they suffer irreparable injury from being improperly enjoined is therefore inapt. Otherwise, Defendants point to operational impacts that complicate the Defendants' enforcement efforts and result in delays. Such impacts are not trivial, but they are not *irreparable* injury. Furthermore, from the date the Order was entered, May 20, Defendants waited almost six weeks, until June 29, to seek a stay. While that delay is not entitled to great weight, it tends to undermine the Defendants' claim of irreparable injury.

Finally, the third and fourth factors—which merge in the context of this case—do not favor a stay. The Court's Order concluded that preliminary relief was necessary to prevent irreparable injury to the Plaintiffs, and that the public interest favored preliminary relief. On the same grounds, the Court concludes that staying the Order granting preliminary relief would substantially injure Plaintiffs and is not in the public interest.

## CONCLUSION

For the foregoing reasons, Defendants' Ex Parte Application to Stay Order (Dkt. No. 72) is **<u>DENIED</u>**.

**IT IS SO ORDERED**.